LANGLEY v. THE WESTERN UNION TELEGRAPH COMPANY. 88 777
93 544

The act of Oct. 22, 1887, "to prescribe the duty of electric telegraph companies as to receiving and transmitting dispatches, to prescribe penalties for violations thereof, and for other purposes," being penal in its nature, must be strictly construed. Accordingly, the sendee of a message is not, under this act, entitled to recover the penalty therein named for a failure by the company to deliver such message with due diligence, unless the charges thereon were prepaid or tendered by the sender, or unless there was failure to deliver, or delay in delivering, on or after payment or tender by the sendee or his agent.

March 31, 1892. By two Justices. Argued at the last term.

Telegraph companies. Penalties. Statutes. Before Judge ATKINSON. Glynn superior court. May term, 1891.

Reported in the decision.

HARRIS & SPARKS, for plaintiff.

CROVATT & WHITFIELD and DORSEY, BREWSTER & HOWELL, for defendant.

SIMMONS, Justice.

The action was by the person to whom a dispatch was addressed, to recover the statutory penalty for failure to deliver with due diligence. The declaration was dismissed on demurrer, upon the ground that no cause of action was stated. It appeared from the allegations

that the usual charge was not paid or tendered when the dispatch was received for transmission, but that it was sent "collect," and nothing was paid until delivery.

The statute under which the action is brought (Acts 1887, p. 111) in its first section prescribes, that the telegraph company, "on payment or tender of the usual charge, according to the regulations of such company, shall transmit and deliver the same with impartiality and good faith, and with due diligence, under penalty of one hundred dollars," etc.

The second section is as follows: "Such companies shall deliver all dispatches to the persons to whom the same are addressed, or their agents, on payment of any charges due for the same: *provided*, such persons or agents reside within one mile of the telegraphic station, or within the city or town in which such station is."

It was argued for the plaintiff in error that in waiving prepayment, by receiving the dispatch and electing to send it "collect," the company became subject to the provisions of the act. We do not concur in this view. While a duty may thus arise which will support an action for damages, it is not a duty imposed by the statute. The statutory penalty is given solely for failure in the duty prescribed by the act, and not for failure to perform a duty voluntarily assumed and arising merely from the contract of the parties. By the terms of the act no duty is imposed until payment or tender. Under the first section, the condition upon which the company is required to transmit and deliver, is "payment or tender of the usual charge." The second section qualifies the duty of delivery, so as to require it outside of the company's office only where the person addressed resides within one mile of the telegraphic station, or in the city or town in which such station is; but under that section there is no duty to deliver, either at or outside of the company's office, until payment of the charges

·due.   The duty prescribed is delivery " on payment." This declaration, however, does not complain that there was a failure to deliver on payment, but charges a want of diligence *before* payment.   It is of course clear that the payment could not relate back and create an ante-cedent duty and render the company liable for a want of ·diligence which before payment the statute did not re-·quire it to exercise.

That the company's acceptance of a dispatch without prepayment or tender does not subject it to the pro-visions of the act, see the case of Western Union Tele-graph Co. *v.* Mossler, 95 Ind. 29 (1883), which arose under a statute similar to our own.   See also Macpherson *v.* Telegraph Co., 52 N. Y. Sup. Ct. Rep. 232.   In the construction of penal legislation, we cannot subject a party or class of persons to a penalty by attributing to the legislature an intention not expressed.   The statute is to be construed strictly and should not be extended beyond its terms.   *Moore* v. *Western Union Telegraph Co.*, 87 *Ga.* 614.                     *Judgment affirmed.*