THE WESTERN UNION TELEGRAPH CO. *v.* HUTCHESON.

1. By section 4579 of the code it is made unlawful for any person (and this includes a telegraph company) to pursue his business or the work of his ordinary calling upon the Lord's day, works of necessity or charity only excepted. It follows that a telegraph company is not put by law, and cannot put itself by contract, under any duty to transmit and deliver messages on that day, unless by reason of the subject-matter of the messages in question their transmission and delivery can be fairly considered as a work of necessity or charity.

2. A message from a son to his mother informing her that a particular person, a friend of the family, will arrive on a particular train, the object being to apprise her that he in company with the son would be with her to take dinner, is not a message which can give to the work of transmitting and delivering it the character of either necessity or charity. A failure to perform the work on the Lord's day with reasonable dispatch will not subject the company to the statutory penalty imposed by the act of 1887, and an action therefor is not maintainable.

November 16, 1892.

Before Judge RICHARD H. CLARK.   Clayton superior court.   March term, 1892.

BIGBY, REED & BERRY, for plaintiff in error.
HUTCHESON & KEY, *contra*.

BLECKLEY, Chief Justice.

1. There is no good reason to doubt that the prohibition of section 4579 of the code, upon ordinary Sunday labor, applies no less to telegraph companies and their employees than to other persons, the language of the section being: "Any tradesman, artificer, workman or laborer, or other person whatever, who shall pursue their business or work of their ordinary callings upon the Lord's day (works of necessity or charity only excepted) shall be guilty of a misdemeanor, and, on conviction, shall be punished as prescribed in section 4310 of this code." Anything that is prohibited by law under a penalty, cannot become a legal duty by reason of any contract or agreement which may be entered into concerning it. A so-called contract to violate the law is no contract at all. A telegraph company is not by law, and cannot put itself by contract, under any duty to transmit and deliver messages on Sunday, unless by reason of the subject-matter of the messages in question their transmission and delivery can fairly be considered as a work of necessity or charity. It makes no difference that the company, in addition to undertaking to perform the work, received and accepted full compensation for its performance. This might subject it to refund the money, but could not oblige it to render the service.

2. In the present case the contents of the message furnish no indication whatever of any necessity or charity to be subserved by the message, and incidentally by the work of transmission and delivery; nor is any such object brought in sight or even faintly suggested

by the testimony. The sender of the message was a witness, and he did not pretend that any object of necessity or charity was contemplated or involved in the transaction. From his testimony and the message itself, the object seems to have been to apprise his mother that a certain friend of the family would be with her to take dinner in company with the sender, her son. This object is properly classed as a social one, but it is wholly wanting, so far as appears, in any character of necessity or charity. And we think neither of these characters is to be assumed by mere presumption and without any proof whatever. The general rule is, with respect to Sunday work, that messages are not privileged. He who asserts privilege for a particular message should be required to prove it.

The charge of the court to the jury conflicted with the views expressed in this opinion, and was, we think, erroneous.        *Judgment reversed.*