## WILLINGHAM *v.* WESTERN UNION TELEGRAPH COMPANY.

Where a telegraphic message delivered on Sunday for transmission, did not show on its face that it related to a subject-matter which would render transmission and delivery a work of necessity or charity, and where there is no averment in the declaration either that the dispatch in question did relate to such a subject-matter, or that the telegraph company, its agent or servant, was informed that it had relation to any such matter, the failure to transmit and deliver it on Sunday is not actionable. There was no error in dismissing the action on demurrer, taken in connection with the facts orally admitted by counsel at the hearing.

March 27, 1893. Argued at the last term.

Before Judge TURNBULL. City court of Floyd county. June term, 1892.

WRIGHTS & HARPER, for plaintiff.

McHENRY, NUNNALLY & NEEL, for defendant.

BLECKLEY, Chief Justice.

It was admitted that the dispatch was in these words: "Meet the E. T. train at 3 o'clock," and that the day on which it was received for transmission, and on which the delay complained of occurred, was Sunday. That ordinary telegraphic messages, or rather the work and labor of transmitting and delivering them, are within the prohibition of the Sunday law, was ruled in the case of *Western Union Telegraph Company* v. *Hutcheson*, this term (*ante*, 252). Neither on the face of the message nor by any averment in the declaration does it appear that the subject-matter of the message concerned anything in the

nature of charity or necessity, or that these character-
istics would or could be made to attach to the work of
transmission and delivery, so as to bring the same within
the exception of the Sunday law as laid down in §4579
of the code.    The general rule being that Sunday work
cannot be done, and the only exception being in behalf
of works of necessity or charity, it devolves upon him
who complains that any particular work was not done
on Sunday to show that it was not covered by the gen-
eral rule but was embraced in the exception.    Were
this shown on the face of the message, that would be
*prima facie* sufficient; but where it is not thus shown, it
should be alleged and proved in order to hold the com-
pany penally responsible for not executing the work
promptly on that day.    There was no error in sustain-
ing the demurrer and dismissing the action.

*Judgment affirmed.*