The Western Union Telegraph Company *v.* Power.

1. Where the sender of a telegraphic message tenders prepayment and then withdraws the tender and takes the money off with him, saying the message ought to be paid for by the sendee, the tender counts for nothing.

2. Payment for a "service message" is not payment for another message previously sent. Payment to a "message boy" who presents a bill will be a payment to the company if the bill relates to a message delivered with the bill, but if it relates to some other message, there ought to be evidence of the boy's authority to collect. February 26, 1894.

Action for penalty.  Before Judge GOBER.  Cobb superior court.  March term, 1893.

DORSEY, BREWSTER & HOWELL and CLAY & BLAIR, for plaintiff in error.  W. R. POWER, *contra.*

SIMMONS, Justice.

The plaintiff in the court below recovered against the telegraph company the statutory penalty for failure to transmit and deliver a dispatch with due diligence.  The defendant made a motion for a new trial, which was overruled, and it excepted.

Under the statute upon which this action is based, no recovery of the penalty can be had for any act or omission of the telegraph company which precedes payment or tender of the usual charge for transmission and delivery.  Until such payment is made or tendered no liability to the penalty arises under the statute; and this condition is not dispensed with by the company's undertaking to render the service without prepayment, or by receiving payment upon its delivery of the message.  *Langley* v. *Telegraph Company,* 88 *Ga.* 777.

The evidence in the record fails to establish compliance with this requirement of the statute.  The dispatch was sent as a " collect message," and was paid for by the sendee when the company delivered it.  The sender's offer of the money to pay this charge when he presented the message to the company's agent for transmission counts for nothing as a tender, as he withdrew the offer upon the agent's consenting to send the message without prepayment.  His evidence on this point was, that when he handed the message to the agent,

and was told that the charge was twenty-five cents, he placed that amount on the desk and remarked that the person to whom the message was addressed ought to pay it, and the agent said "all right," and gave him back the money. His taking back the money, under these circumstances, was clearly a withdrawal of the tender.

It was argued that the evidence shows that he paid this charge afterwards, on the day preceding that on which the message was delivered to the sendee. His testimony as to the payment made then is as follows: "On the next day (after the company received the message) the message boy of defendant came to me with a service message, and presented a bill for twenty-five cents. I paid it. He took the twenty-five cents and went back into the office. I sent no other telegram, and no other telegram was sent to me. I do not know that the defendant received the twenty-five cents." There is nothing else in the record to show that this bill came from the defendant or what it was for. If the payment related to the message which the plaintiff delivered to the defendant on the day before, that fact ought to have appeared distinctly, but the evidence fails to show that the payment had anything to do with that message; indeed, there is more reason for supposing that it related to the "service message" with which the bill was presented. But if it did relate to the message of the day before, there was no evidence, so far as appears from the record, of any authority on the part of the boy to collect for the message. Of course, where one who is employed by a telegraph company to deliver messages, presents a bill from the company for the charges claimed to be due upon a message which he delivers with the bill, it will be implied that the company authorized him to receive payment, if nothing appears to the contrary; but if the bill relates to some other message, there ought

v 93-35

to be evidence of such authority. The mere fact that he is an employee of the company, authorized to collect charges due on messages which are intrusted to him for delivery, does. not warrant the inference that he is authorized to collect for other messages. His presentation of a bill purporting to come from the company would prove nothing, in the absence of other evidence showing that it was a genuine bill of the company. Indeed, it has been held that the presentation by an employee of a genuine bill of his employer is insufficient, without more, to show that he is authorized to receive payment. Mechem on Agency, §337. In the case of *Luckie* v. *Johnston Bros.*, 89 *Ga.* 321, other circumstances besides these were shown.

We are of the opinion, therefore, that the evidence in this case does not warrant the verdict, and a new trial should be granted.           *Judgment reversed.*