## WALDEN *v.* WESTERN UNION TELEGRAPH CO.

In an action against a telegraph company, claiming damages for failure to transmit a message containing an order for goods which had, before the delivery of the message to the telegraph company, been

sold by the sender, the profits lost by the failure to receive the goods are not too remote to be the subject of recovery.

Submitted June 13, — Decided July 26, 1898.

Action for damages.    Before Judge Reese.    Glascock superior court.    August term, 1897.

*T. W. Hardwick* and *K. J. Hawkins,* for plaintiff.

Cobb, J.    Walden sued the telegraph company in the justice's court.    The cause of action set forth in the summons was one claiming "damages in the sum of $85, upon breach of contract trust and duty, for that heretofore, to wit on the 29th day of January, 1897, complainant delivered to defendant's agent at Gibson, Ga., a message to be transmitted to the Patapsco Guano Co., at Augusta, Ga., and the defendant for the consideration of 35 cents agreed to do it.    The message was written on one of defendant's printed blanks, and was as follows: '35 cents paid. Gibson, Ga., January 29th, 1897.    To Patapsco Guano Co., Augusta, Ga.    Ship me five tons Patapsco, four per cent.; three two per cent.; three Sea Gull.    [Signed] T. A. Walden.'"    It was averred that the message was not transmitted, and that the failure so to do was due to the gross negligence, carelessness and indifference on the part of the telegraph company, and that by reason of such failure the complainant was damaged in the sum above stated.    The case was appealed to the superior court, and coming on for trial, the defendant demurred to the summons, upon the ground that the damages claimed were too remote to be the basis of a recovery.    Thereupon the plaintiff offered an amendment as follows:    "Complainant was a guano-dealer on a small scale; that he had no house in which to store his guano, by reason of which he was forced to contract with his customers for sales before ordering the guano shipped; that complainant had contracted with certain farmers for the sale and delivery to them of 15 tons of guano, the same to be delivered on a certain day; that it was this particular 15 tons of guano that complainant incorporated in said telegram (which is set out in the original summons); and that by reason of said telegram not being transmitted by the defendant to the Patapsco Guano Co., complainant missed the sale of the said 15 tons of guano to the parties

contracted with, thereby losing his commissions on the same, to his damage in the sum of $45. That by reason.of defendant's failure to transmit said message, one ton of the said 15 tons of guano, when the same had been shipped to complainant after great delay, got wet, could not be sold at any price, and wasted upon complainant's hands, to his damage in the sum of $16. That by reason of the conduct of defendant in failing to transmit said telegram, complainant's guano business was closed for ten days, to his damage in the sum of $25. That defendant has acted in bad faith, been stubbornly litigious, and has put the complainant to unnecessary trouble, expense and delay, necessitating him to employ counsel to bring this suit, to his damage in the sum of $25." The court refused to allow the amendment and dismissed the case. This ruling is assigned as error.

It does not distinctly appear from the record whether the amendment was refused by the court on the ground that there was nothing to amend by, or whether the court was of the opinion that the subject-matter of the amendment was such as to make it demurrable. Nothing like the particularity required in a petition to the superior court is necessary in a summons issuing from a justice's court. It is declared by the Civil Code, that in the superior court "a petition showing a plaintiff, and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, is enough to amend by. The jurisdiction of the court may be shown, and the details and circumstances of the particular transaction may be amplified and varied by amendment. If the declaration omit to allege facts essential to raise the duty or obligation involved in the cause of action which was evidently originally intended to be declared upon, the omitted fact may be supplied by amendment." Civil Code, §5098. Applying the rules laid down in the section quoted to the case under consideration, it is apparent at once that there was enough in the summons to amend by. The next matter to be considered is whether the amendment was demurrable for the reason that it did not set forth sufficient facts, taken in connection with the original summons, to make a cause of action. The nature of the telegram set forth in the original summons was such as to put the tele-

graph company on notice that the message related to a commer-cial transaction, and that therefore damages might be the result of a failure on their part to comply with their contract to trans-mit the message properly and deliver the same within a reason-able time. The amendment set forth that contracts for the sale of the guano ordered in the telegram had already been made with the customers of the plaintiff, and that on account of the failure on the part of the telegraph company to transmit the message, commissions which would have accrued to the plaintiff on the sales thus made were lost to him. In the case of *Western Union Tel. Co.* v. *Fatman,* 73 *Ga.* 286, it was held, that "where, by reason of the failure on the part of a telegraph company to deliver a message directed to a ship-broker, [he] lost a contract, by which he would have made certain commissions had the mes-sage been promptly delivered, a recovery of the amount of such commissions was not too remote or speculative a measure of dam-ages." Following the principle laid down in the case cited, the amendment offered, so far as it claimed damages on account of loss of commissions which would have accrued on contracts al-ready made at the time the message was delivered to the tele-graph company, was proper and should have been allowed. See also Civil Code, §§3798, 3799. The part of the amendment in reference to the claim for counsel fees should also have been al-lowed, as the same was sufficiently broad to have authorized the proof necessary to establish the claim for damages of this char-acter. The other damages claimed were too remote to be the basis of a recovery.

*Judgment reversed. All the Justices concurring.*