## 15739.   BROCKMAN v. RHODES et al.

JENKINS, P. J.   1.. Where an order sustaining special demurrers to specified paragraphs of a petition gave the plaintiff ten days to amend, and thereafter the court, on motion of the plaintiff, extended for ten additional days the time for amendment, and, three days after the expiration of that time, entered a final order and judgment, referring to the previous ruling and the failure to amend in accordance therewith, and adjudging "that the said ruling sustaining said demurrers to said paragraphs be and the same is hereby made final, and the said paragraphs are stricken from the petition," and that "the said petition be and the same is hereby dismissed," an exception to this final judgment is sufficient to question the rulings made upon the special demurrers and the final judgment of dismissal.   The previous order will be taken as in the nature of an order nisi, neither dismissing the petition nor striking the paragraphs, but expressly providing for their amendment, the final order not being made until after the failure to amend. See *Ga. Ry. & Power Co.* v. *Kelly,* 150 *Ga.* 698 (105 S. E. 300), and cases cited; *Willingham* v. *Glover,* 28 *Ga. App.* 394, 395 (111 S. E. 206) ; *Atlantic Refining Co.* v. *Peerson,* 31 *Ga. App.* 281, 285, 286 (120 S. E. 652).

2. The 29th paragraph of the plaintiff tenant's petition against the defendant landlords claimed certain described items as expended by him for labor and materials in repairing the leased premises, amounting to $1,860.65.   These appear to have been incurred in connection with "laying new floor with tile blocks," placing iron "beams on front of building," putting brick in side of house, "building brick front and filling in walls," plastering, placing back and side partition in house, placing plumbing, sewer, and water-pipes and fixtures, repairing, regraveling, and repapering roof, putting sky-lights on roof, and papering walls and overhead ceiling.   Plaintiff alleged that he incurred these items in reliance upon a "verbal contract .  . agreed to before, discussed at the time, and agreed subsequent to the making of the first written lease herein set out."   The alleged verbal contract as set out is as follows: that prior to the written lease the leased property was "in a dilapidated condition," was "greatly in need of repairs, and was badly run down and was unsuited for business, or conducting the business that this plaintiff desired to run, the same being a merchant tailoring business;" that "your petitioner so stated to said defendant  . . at said time the condition of said building, and that said [defendant] agreed with plaintiff that the condition of said building as to need of repairs was great;" and that the said defendant "told this petitioner to go ahead and do anything that he pleased, saying, 'Go ahead and make any repairs you wish. You have been a tenant of ours heretofore, and you have always improved the property and returned it to us in good condition.   My word is my bond.   Whatever I say I will do; 1 will do it;" that petitioner stated to said defendant that he wished "a long lease," but the defendant said "he would give him a written lease for two years;" and a written lease for two years from the time of removal of the preceding tenant was executed.   The defendants demur to the paragraph claiming these items of damage, "upon the ground that the facts set out in the petition as a whole are insufficient to show that the items set out

. . are recoverable against these, defendants, and therefore the said paragraph is irrelevant and immaterial." *Held:* While it is the statutory rule that "the landlord must keep the premises in repair, and is liable for all substantial improvements placed upon them by his consent" (Civil Code of 1910, § 3699; see also *Busby* v. *Marshall,* 125 *Ga.* 645, 54 S. E. 646; *Sikes* v. *Carter,* 30 *Ga. App.* 539 (2-4), 118 S. .E. 430; *Dougherty* v. *Taylor & Norton Co.,* 5 *Ga. App.* 773 (1), 53 S. E. 672), it is also the rule that, "in the absence of an agreement so to do, the landlord is not bound to repair patent defects in a building, of the existence of which the tenant knew at the time the rent contract was entered into." *Aikin* v. *Perry,* 119 *Ga.* 263 (3) (46 S. E. 93); *Driver* v. *Maxwell,* 56 *Ga.* 11 (2); *White* v. *Montgomery,* 58 *Ga.* 204 (1); *Williams* v. *Jones,* 26 *Ga. App.* 558 (1) (106 S. E. 616); *Moore* v. *Rosser,* 13 *Ga. App.* 392 (2) (79 S. E. 246). Since it appears that the repairs in question all arose from patent defects in the building, of which the tenant was fully aware at the time he accepted the lease and the premises, and that in the oral agreement the landlord, so far as the petition discloses, did not undertake to reimburse the tenant or become liable for the repairs, but merely consented for the tenant himself to make the repairs (the doing of which may have been an inducement for the making of the lease), the court properly sustained the special demurrer and struck this paragraph.

3. Where damages are claimed by a lessee on account of the failure of the lessor to have the premises ready for occupancy at the time fixed by the lease for the beginning of the tenancy, the plaintiff can not recover, as elements of damage, sums representing clerk hire and "the expense of paying" a manager employed to take charge of the business which the lessee had anticipated starting from the beginning of his occupancy, where these items are not such as would have been reasonably anticipated by the parties; and there is no averment that the defendant lessors, at the time of the execution of the lease or of the breach, had any knowledge that the plaintiff lessee would incur or had been obliged to incur such expense. *Christophulos Café Co.* v. *Phillips,* 4 *Ga. App.* 819, 822 (62 S. E. 562); *Albany Phosphate Co.* v. *Hugger,* 4 *Ga. App.* 771 (3), 776 (62 S. E. 533); *Firestone Tire & Rubber Co.* v. *Shore,* 31 *Ga. App.* 644, 646 (121 S. E. 709).

4. The 38th paragraph of the petition, which is demurred to specially as irrelevant and immaterial, alleges that the plaintiff "personally superintended the work of repairing as herein set out, at great expense and loss of time to himself." In so far as this averment may seek to add to the items claimed in the 29th paragraph for repairing the leased premises, it was properly stricken for the reasons stated in the second division of this decision. In so far as it may seek to claim an independent item of damage, no amount is alleged.

5. The 40th and 41st paragraphs, relating to alleged repairs and improvements of the property as increasing the rental value from $40 to $150 per month, fail to state any definite item of damage, and, for the reasons stated in the first and second divisions of this decision, set forth no legal claim.

6. The trial court in its final order not only struck the paragraphs of the petition to which the demurrers were filed, but dismissed the peti-

tion, after having previously given the plaintiff opportunity to amend and after his failure to do so. Treating the demurrers as merely special, and as not attacking the vitals of the right of action, the dismissal of the petition was neither erroneous nor in contravention of good practice, since the plaintiff was given full opportunity to amend. See *Willingham* v. *Glover*, 28 *Ga. App.* 394, 395 (111 S. E. 206), and cases cited. Since the demurrers attacked each of the items of damage claimed, and such items were not recoverable, and since the petition sought no general or nominal damages, the dismissal of the entire petition was proper, although the trial court expressly withheld decision of the general demurrer. *Firestone Tire & Rubber Co.* v. *Shore*, supra; *Twin City Lumber Co.* v. *Daniels*, 22 *Ga. App.* 578 (96 S. E. 437).

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 11, 1925.

Complaint; from Fulton superior court—Judge Bell. May 2, 1924.

*T. L. Lanford, R. R. Jackson,* for plaintiff.
*Little, Powell, Smith & Goldstein,* for defendants.