20953. BUFFINGTON *v.* ATLANTA TITLE & TRUST COMPANY.

BELL, J. 1. "Remote or consequential damages are not allowed whenever they can not be traced solely to the breach of the contract, or unless they are capable of exact computation, such as the profits which are the immediate fruit of the contract, and are independent of any collateral enterprise entered into in contemplation of the contract." Civil Code (1910), § 4394. "Damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach, and such as the parties contemplated, when the contract was made, as the probable result of its breach." § 4395.

2. In this suit against a title-guaranty company for the alleged breach of a contract in the nature of warranty of title to certain real estate, the damages claimed in paragraphs 21 and 22 of the petition, consisting of expenses incurred by the plaintiff in attempting to procure a loan upon the property (which loan the plaintiff failed to obtain because of a defect in the title), and of a certain amount for attorney's fees and costs assessed against the plaintiff in a suit against him on a contract and incumbrance expressly excepted from the defendant's certificate of title, were not traceable to the defendant's breach, but appeared to have been the result of collateral enterprises not in contemplation of the contract, nor such as the parties anticipated when the contract was made as the probable result of its breach. The court therefore did not err in sustaining the defendant's special demurrer and striking these items from the petition.

3. The evidence showing conclusively and without dispute that all the other damage which the plaintiff may have sustained resulted, not from any defect in the title against which the plaintiff was to be indemnified by the defendant, but from the foreclosure of a lien placed upon the property by the plaintiff at or before the making of the certificate by the defendant, and specifically excepted from the operation of the certificate, the plaintiff was not entitled to recover, and there was no error in directing a verdict in favor of the defendant.

4. There was no merit in any of the grounds of the motion for a new trial, and the court did not err in overruling the motion.

        *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 15, 1931.

*H. F. Sharp, Frank T. Grizzard,* for plaintiff.
*Tye, Thomson & Tye, J. W. DeLoach,* for defendant.