34

## 26763. WESTERN UNION TELEGRAPH CO. *v.* TYRE.

DECIDED JUNE 1, 1938.

*Heyman & Heyman, C. E. Gregory Jr.,* for plaintiff in error.
*C. D. Stewart, Talmadge, Fraser & Camp,* contra.

SUTTON, J. J. B. Tyre brought suit against Western Union Telegraph Company for damages alleged to have been sustained because of delay by the defendant in delivering money transmitted by wire order, as a result of which certain laborers could not be paid for work done by them on the tomato farm of the plaintiff, and, because they refused to work further, tomatoes which ripened on the vines could not be picked, and the plaintiff sustained the damages complained of. On the first trial of the case a verdict and judgment in favor of the plaintiff were rendered. The court granted a new trial, and on exception this court affirmed the judgment, for the reason that the evidence did not demand a finding for the plaintiff, applying the rule that in such a case the first grant of a new trial will not be disturbed. See *Tyre* v. *Western Union Telegraph Co., 56 Ga. App.* 401 (192 S. E. 650), for a statement of the case and issue there made. On the second trial of the case the evidence, with certain exceptions hereinafter referred to, was substantially the same as that in the reported case. The jury returned a verdict in favor of the plaintiff. The defendant's motion for new trial was overruled, and the exception is to that judgment, the plaintiff in error contending that the alleged damages were not within the contemplation of the parties at the time the contract was made and were not such as could have been reasonably anticipated at the time, and that the evidence did not show that pickers could have been employed even if the money had been properly transmitted, and therefore that the loss alleged to have resulted from the inability to secure pickers can not be said to have resulted solely or proximately from the admitted de-

lay in the delivery of the money, and that accordingly no liability exists against the defendant.

It appeared from the evidence on the second trial that when the amount to be transmitted was given to the defendant's agent, the plaintiff informed him that the money was needed for pay-roll purposes, and that he wanted the money sent as quickly as possible, and that in the wire in connection with the remittance of the money the plaintiff was ordering tomatoes to be shipped to Atlanta by truck. The wife of the plaintiff was waiting for the money, but by mistake of the telegraph company it was directed to Tifton, Georgia, and not made available to her at Leesburg, Florida, where it was intended to be delivered, until two days after the order was placed. It is the contention of the plaintiff that on Sunday and Monday following the filing of the order on Saturday he had tomatoes available for picking from his farm, that if his wife had received the money on Saturday she would have been able to pay his employees and have prevented their strike which ensued, and that sufficient laborers would have been available for picking tomatoes which rotted on the vines, and because of which he alleged that he was damaged in the sum of $1050. A witness, who was accustomed to handle the plaintiff's shipments of tomatoes on commission, testified that when the order was placed for transmission of the money the plaintiff informed the defendant's agent that it was for pay-roll, and to rush it. The defendant's agent testified that he was informed at the time that the money was to pay off hands at Leesburg, Florida; that the plaintiff said he was running late, and requested that the money be sent as quickly as possible; but that the witness did not recall that anything was said about tomatoes, although he knew that the plaintiff was in the produce business, and that the transaction took place about the tomato season. There was testimony by the plaintiff's foreman that tomatoes were ready for picking Sunday and Monday, and there was evidence as to market conditions and prices; but in the view we take of the case it is unnecessary to set forth in detail the evidence that was adduced. We think that whatever loss was sustained by the plaintiff was, as contended by the plaintiff in error, not within the contemplation of the parties at the time the contract was made, and could not have been reasonably anticipated by the defendant.

The Code, § 20-1407, declares: "Damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach, and such as the parties contemplated, when the contract was made, as the probable result of its breach." The special damage in the present case is the rotting of tomatoes on vines on the farm of the plaintiff. That damage, the plaintiff contended, was the result of the breach of its contract by the defendant. But can it reasonably be said that at the time the contract was entered into any notice was given the defendant that the plaintiff was in the business of *growing* tomatoes, and that the transmission of the money was for any purpose connected with such enterprise? We think not. The most that can be said as to notice is that the plaintiff wanted the money to be delivered to his wife for paying off some laborers, that he was in the produce business, that he was interested in having some tomatoes shipped to Atlanta, and that at the time of the transmission of the money the tomato season was in progress. There is in such notice no information that the plaintiff was in any way interested in a tomato farm, that the money was to be used to pay laborers who had been picking tomatoes grown by him or in packing tomatoes, that conditions at his farm were such that a strike would result upon the failure of the plaintiff to meet a pay-roll, that if the money was not made available to the plaintiff's wife on the day it was ordered to be transmitted it would be impossible to secure other laborers, or that the tomatoes on the farm of the plaintiff had reached such a state of maturity that a delay of two days in picking, as claimed, would result in the loss of a large quantity thereof. The knowledge or lack of knowledge of such facts necessarily enters into a consideration of whether or not the alleged damage of the plaintiff was such as "arises naturally and according to the usual course of things from such breach, and such as the parties contemplated, when the contract was made, *as the probable result of its breach.*" (Italics ours.) Certainly, under the evidence, the defendant could not reasonably be said to have contemplated the rotting of tomatoes on a farm of the plaintiff as the probable result of a breach of the contract. Cases not based on identical facts but applying the principle of the Code section might be here cited, but they would add nothing to the plain provisions of the rule; and no elaboration of what is said above is

deemed necessary to a decision of the present issue. A finding was demanded, as a matter of law, in favor of the defendant, and the court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*