28898. POSTAL TELEGRAPH-CABLE COMPANY *v.*
KALER *et al.*

DECIDED JUNE 24, 1941. ADHERED TO ON REHEARING, JULY 31, 1941.

*Crenshaw, Hansell & Gunby, Russell M. Striplin,* for plaintiff in
error. *Hooper, Hooper & Miller,* contra.

MacINTYRE, J. Sam Kaler and Morris Kaler, doing business
as Kaler Produce Company, brought this action against Postal Tel-
egraph-Cable Company claiming damages alleged to have resulted
from delay in the transmission of a telegram. It is alleged that
the plaintiff at 10:25 p. m. on Saturday, December 2, 1939, through
one of its agents (a buyer) in Fort Lauderdale, Florida, sent the
following telegram to the plaintiff's home office in Atlanta as fol-

lows: "Robert Sims left 2 p.m. Has 312 tendergreens dollar seventy. These extra fancy. 200 tendergreens dollar fifty." In their pleadings and briefs both parties treat the products in question as being "beans." The message was addressed to Kaler Produce Company, Atlanta, Georgia. The plaintiff has a machine installed by the defendant in its place of business for the purpose of expediting the handling of messages addressed to plaintiff. It is further alleged that "said message should, in the exercise of ordinary care, have been delivered to plaintiff herein not later than 9:00 a.m. on December 3, 1939 [Sunday]. That by reason of defendant's negligence the said message was not delivered to the plaintiff herein until approximately 6:00 p.m. on Sunday evening, December 3, 1939." The allegations show that the message showed on its face that it related to perishable commodities and that their perishable nature and character were known to the defendant and that the message in question should have been delivered promptly and that the failure to do so would result in damages to the plaintiff. It further appears that the defendant was negligent and careless in not delivering the message promptly, which was the proximate cause of the damages sustained, and the defendant did not "transmit and deliver the said message with the impartiality, good faith, and due diligence required by law." Before the time of the sending of the message and the purchase of the beans in Florida, the plaintiff had contracted to sell a certain amount of beans for $964.90, and the balance of the beans on said load would have reasonably brought $42, making a total of $1006.90. When the message was not received in the Atlanta office the plaintiff assumed that its buyers in Florida could not buy the beans, whereupon it went into the open market and bought the amount of beans necessary to fulfil the contract for $1000. After the contract had already been filled the plaintiff received the message that the beans were on the way. The delay was called to the attention of the defendant and defendant's agents agreed that the beans purchased in Florida should be sold on the open market for the best price obtainable. The Florida beans were sold for $572.95, netting a loss of $433.95, plus $50 cost of selling said Florida beans. The plaintiff seeks recovery of the statutory penalty of $25 under Code, § 104-206, making a total of $508.95, plus interest and cost of court. By amendment it is alleged that the message involved a work of

necessity on the part of the plaintiff and the defendant; that in dealing with perishable produce such as was involved in this message, and the transaction contemplated by it, it is necessary that the same be handled promptly; that such produce must be handled on Sunday out of necessity, in that it pertains to the feeding of people through the distribution of said perishable green produce, and that the defendant knew, and in the exercise of ordinary care should have known, that the delivery of said message was a work of necessity and that the message involved a work of necessity through a course of long dealings with the plaintiff. The judge overruled a general demurrer to the petition as amended and the defendant excepted. He also overruled and sustained certain special demurrers, but only the ruling on the general demurrer is here complained of.

█ The defendant contends that the entire cause of action fails because the law did not and does not require it to deliver a message of the nature in question on Sunday, under Code, § 26-6905, which provides: "Any person who shall pursue his business or the work of his ordinary calling on the Lord's day, works of necessity or charity only excepted, shall be guilty of a misdemeanor." Thus, in this State, it is the general rule that Sunday work can not be done, and the only exception is in behalf of works of necessity or charity, and it devolves upon the one (the plaintiff here) who complains that any particular work was not done on Sunday to show that it was not covered by the general rule but was embraced in the exception. Where this appears on the face of the message a prima facie case is set forth, but where it is not thus shown, it should be alleged (and on the trial proved) in order to hold the company responsible for not executing the work promptly on that day. *Willingham* v. *Western Union Telegraph Co.,* 91 *Ga.* 449, 450 (18 S. E. 298); *Western Union Telegraph Co.* v. *Hutcheson,* 91 *Ga.* 252 (18 S. E. 297). Courts can not declare as a matter of law, that the business of telegraphy is a work of necessity. There are doubtless many cases in which the sending and delivery of a message would be a work of necessity within the meaning of our statute. But we can not judicially declare that all contracts for the transmission of telegraphic messages are to be deemed within the statutory exception. "A telegraph company is prohibited from receiving on Sunday messages that may as well be sent on any other day

without causing loss, harm or suffering; but it may receive and transmit on that day messages designed to relieve suffering, avert harm, and prevent serious loss." Two essential facts must be shown, "a reasonable necessity for sending the message, and notice to the company of that necessity." *Western Union Telegraph Co. v. Yopst,* 118 Ind. 248 (20 N. E. 222, 3 L. R. A. 224). Whether the contract is within the exception must be determined upon proper allegations of necessity as a question of fact, from the evidence in each particular case. *Williams* v. *State,* 167 *Ga.* 160, 162 (144 S. E. 745, 60 A. L. R. 747) ; Rogers *v.* W. U. Tel. Co., 78 Ind. 169 (41 Am. R. 558) ; *Smith Motor-Car Co.* v. *Goddard,* 42 *Ga. App.* 560 (156 S. E. 724) ; *Albany Theater Inc.* v. *Short,* 173 *Ga.* 121 (2) (159 S. E. 688) ; 60 C. J. 1082, § 50 (28). Thus we think the petition presented a question of fact whether or not the contract in question was one which came within the exception to the general rule, and the judge did not err in overruling the general demurrer based on this contention.

■ Another reason why the defendant contends that its general demurrer should have been sustained is that if the defendant concedes that it owed the plaintiff a duty of prompt delivery on Sunday, still the petition fails to state a cause of action based on breach of contract to promptly deliver, because nowhere is it alleged that the plaintiff gave defendant notice of any facts and circumstances whereby the defendant could legally be said to have contemplated that if the message were not delivered promptly the damages alleged in the petition would have followed as the probable result of the delayed delivery of said message. This contention is based on the Code, § 20-1407, and *Western Union Telegraph Co.* v. *Tyre,* 58 *Ga. App.* 34 (197 S. E. 503), both of which have reference to suits on the contract (ex contractu), and have no application to the instant case which is a suit on a tort (ex delicto). The decisions of the Supreme Court and of this court afford numerous instances where one who has sustained damages may bring an action upon the contract broken, or declare in tort for the defendant's violation of a duty imposed by law. *L. & N. Railroad Co.* v. *Spinks,* 104 *Ga.* 692, 696 (30 S. E. 968), and cit. *Warren* v. *Mitchell Motors Inc.,* 52 *Ga. App.* 58 (182 S. E. 205). "A tort is the unlawful violation of a private legal right, other than a mere breach of contract, express or implied; or, it may be the violation of a public

duty, by reason of which some special damage accrues to the individual." Code, § 105-101. A tort has also been declared to denote "'an injury inflicted otherwise than by a mere breach of contract; or, to be more nicely accurate, a tort is one's disturbance of another in rights which the law has created either in the absence of contract, or in consequence of a relation which a contract had established between the parties.'" *L. & N. Railroad Co.* v. *Spinks,* supra.

The purposes for which a telegraph company is created can not be ignored. It is "essentially public in its duties. Without such public duties there would be neither reason for its creation nor excuse for its continued existence. In fact, being the complement of the postal service, it is one of those great public agencies so important in its nature and far-reaching in its application that some of our wisest statesmen have deemed its continued ownership in private hands a menace to public interests. Hence it follows, both upon reason and authority, that the failure of a telegraph company to promptly and correctly transmit and deliver a message received by it is a breach of a public duty imposed by operation of law. In the words of a great English judge, 'A breach of this duty is a breach of the law, and for this breach an action lies, founded on the common law, which action wants not the aid of a contract to support it.'" *Glenn* v. *Western Union Telegraph Co.,* 1 *Ga. App.* 821, 828 (58 S. E. 83). It was further stated by Judge Russell in the *Glenn* case that a telegraph company, "by receiving the dispatch, owed the plaintiff a duty the breach of which will support an action for damages. *Langley* v. *W. U. Tel. Co.,* 88 *Ga.* 777 (15 S. E. 291). The damages recoverable would be controlled by the law of tort; the contract of the company (implied by acceptance of message) being merely inducement, creating the relation between the sender and the company as carrier of the message, and fixing a public duty of the company. Telegraph companies, pursue a public employment, and their public duty to a special patron is raised by the contract (implied by the acceptance of the message for transmission and delivery)."

Unquestionably, in this case, the deposit of the telegram and the failure to transmit being shown by the allegations of the petition, the burden would be upon the company to justify. This petition can certainly resist a general demurrer. It shows a public duty,

arising out of a contract to transmit the message, assumed by the company; it alleges a breach of that duty by a failure to exercise ordinary care in delivering the message, and thereby casts upon the defendant the burden of showing diligence; and the breach of that public duty which is shown by the petition entitles the plaintiff to recover for the tort. *Glenn* v. *Western Union Tel. Co.*, supra. We therefore think that the petition sounds in tort, and is not subject to the rules sought by the defendant to be applied in the instant case. In other words, the petition sets forth an action ex delicto, and therefore the plaintiff is not restricted to the recovery of only such damages as were reasonably within the contemplation of the parties, but is entitled to recover, if such can be proved on the trial, such damages as may be directly traceable to the defendant's neglect or failure to use due care in delivering the message it had accepted for transmission. *Carr* v. *So. Ry. Co.*, 12 *Ga. App.* 830 (2) (79 S. E. 41); *Lipscomb* v. *Watkins*, 28 *Ga. App.* 185 (110 S. E. 502); *Lawrence* v. *Atlanta Gas-Light Co.*, 49 *Ga. App.* 444 (176 S. E. 75). An action ex delicto, as in this case, may be based on a duty imposed by law in consequence of a contractual relation between the parties. In such a case the action is in no sense based on the contract, especially where none of the expressed provisions are recited, and there is no allegation that any of its expressed provisions were violated, but where the allegation is that the defendant company failed to "transmit and deliver the message with the impartiality, good faith, and due diligence required by law." The declaration generally recites the message (the contract) as a part of the history of the transaction merely to give rise to the duty imposed by law in view of the relationship of the parties created by the contract. Considering the petition in its entirety and attempting to ascertain the intention of the pleader, there being no exception to the ruling on the special demurrer calling on the plaintiff to indicate with specific certainty whether he was proceeding in tort or on the contract, we think the facts set forth in the petition constitute a cause of action ex delicto, it being presumed that the pleader intended to effectuate his best interest. *Elwell* v. *Atlanta Gas-Light Co.*, 51 *Ga. App.* 919, 921 (181 S. E. 599). As before said, this case is distinguished from the case relied upon by the defendant (*W. U. Tel. Co.* v. *Tyre*, supra), the effect of the contention being that the petition shows it is a suit on the contract.

 The damages are said to be too remote and speculative. Not so. They were precisely what the plaintiff would have made by its alleged contract with another, and what the balance of the beans would reasonably have brought if the telegram had been delivered within a reasonable time, that is, by 9:00 a. m. on December 3, 1939, after the message was filed with the defendant at 10:25 p. m. on December 2, 1939. And whether this was within a reasonable time or not would be a proper question for a jury under all the facts and circumstances. *W. U. Tel. Co.* v. *Fatman*, 73 *Ga.* 285, 294 (54 Am. R. 877); *Walden* v. *W. U. Tel. Co.*, 105 *Ga.* 275 (31 S. E. 172). In addition thereto, necessary expenses in the sale of the beans were alleged, which are allowable (Code, § 105-2004).

In addition to the aforementioned items of damages, the plaintiff claimed as an item of damage under Code, § 104-206 the statutory penalty of $25. There was no demurrer calling for a ruling by the trial court as to whether or not such penalty was a proper item of damage, hence no ruling of the trial court was invoked which could be made a proper basis for review by this court. However see, in this connection, Western Union Telegraph Co. *v.* Boegli, 251 U. S. 315 (40 Sup. Ct. 167, 64 L. ed. 281).

The judge did not err in overruling the general demurrer.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*