## SANFORD-BROWN COMPANY *v.* PATENT SCAFFOLDING COMPANY INC.

No. 15093. MARCH 6, 1945.

George & John L. Westmoreland and Bond Almand, for plaintiff.

Hirsch, Smith, Kilpatrick, Clay & Cody, Neely, Marshall & Greene, and D. F. McClatchey, for defendant.

ATKINSON, Justice. (After stating the foregoing facts.) One of the grounds of the general demurrer asserted that the allegations of damages for alleged increase in the plaintiff's pay roll, and for increase in the rate of insurance premiums, were too remote, speculative, and conjectural to be items of damage cognizable in law or equity. The court did not err in sustaining the demurrer on this ground. "Remote or consequential damages are not allowed whenever they can not be traced solely to the breach of the contract, or unless they are capable of exact computation, such as the profits which are the immediate fruit of the contract, and are independent of any collateral enterprise entered into in contemplation of the contract." Code, § 20-1406. "Damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach, and such as the parties contemplated, when the contract was made, as the probable result of its breach." § 20-1407. The allegation of damages based upon the refusal of certain employees to continue on the job and the inability of the plaintiff to replace them, and the inefficiency of those employees who did remain, and the other allegation of damages because of the increase of the insurance rate on account of an employee having been killed as a result of a defect in one of the scaffolds, are too remote to be the basis of a recovery. They are not such damages as could be traced solely to the breach of the contract, or as could be capable of exact computation; nor are they such

44

as arose naturally and according to the usual course of things from such breach, or such as the parties contemplated as a probable result of said breach.

No elaboration of what is said above is deemed necessary to a decision in this case. While there is no previous case presenting these exact facts, the principle here applied is in accordance with rulings in *Georgia Railroad* v. *Hayden,* 71 *Ga.* 518 (51 Am. R. 274) ; *Simpson* v. *McMillan,* 26 *Ga. App.* 280 (105 S. E. 848) ; *Codman* v. *Roberds,* 27 *Ga. App.* 559 (9) (109 S. E. 536) ; *Brockman* v. *Rhodes,* 33 *Ga. App.* 435 (3) (127 S. E. 153) ; *Buffington* v. *Atlanta Title & Trust Co.,* 43 *Ga. App.* 444 (2) (159 S. E. 297) ; *Stanfield* v. *Columbus Casket Co.,* 46 *Ga. App.* 84 (166 S. E. 784) ; *Western Union Telegraph Co.* v. *Tyre,* 58 *Ga. App.* 34 (197 S. E. 503).

*Judgment affirmed. All the Justices concur, except Duckworth, J., who dissents.*