**NEW AMSTERDAM CASUALTY COMPANY, Appellant,**

**v.**

**Raymond C. MITCHELL and L. Cecil Turner, Appellees.**

**No. 20391.**

United States Court of Appeals Fifth Circuit.

Dec. 3, 1963.

Rehearing Denied March 10, 1964.

Robert E. Coll, Alfred L. Evans, Jr., James N. Frazer, Atlanta, Ga. for New Amsterdam Cas. Co.; Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., of counsel.

George William Jessee, Sr., Atlanta, Ga., for appellees.

Before TUTTLE, Chief Judge, and JONES and BELL, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge.

This case involves a suit on a contractor's performance bond issued by appellant as surety to appellees in the principal amount of $25,000 in connection with a contract dated May 2, 1955 whereunder Ward Builders, Inc. was to construct twenty houses for appellees in Fulton County, Georgia, the contract having a completion date of August 1, 1955.

Ward Builders, Inc., the principal on the bond, defaulted under the contract, and after notice to the surety, appellees engaged another builder to complete the contract. The last of the houses was completed in July, 1956.

Appellant Casualty Company also executed a labor and material payment bond pursuant to the same contract, and after the default, interpleaded all known claimants, paid the principal amount of the bond into court, and was exonerated from any further liability with respect to it. That bond is not here involved, but the claims against it exceeded its face amount. Appellees purchased claims totalling $17,867.10 outstanding at the time of default from laborers and materialmen, and for which liens had been filed, and which were not paid, to the extent of the purchase prices paid, out of the payment bond.

The complaint against the surety here claimed this amount as well as several other items including loss of rentals, additional interest to carry the construction loan during the period of delay, and the cost of additional discount suffered in acquiring permanent loans on the houses when they were finally completed, and were ready for sale. No appeal was taken from an award of $2,085.25 on this latter claim of additional discount paid.

The items involved on this appeal are the awards for the materialmen's and laborers' claims purchased, and for loss of rentals. The District Court after a non-jury trial awarded judgment for appellees in the full amount of the bond, $25,000, on the basis of loss of rentals in the amount of $21,433.99, $14,006.39 on the purchased claims, and the additional discount item of $2,085.25; the total of these exceeding the bond. There was no ruling on the interest claim, it apparently being treated as covered by the claim for loss of rentals. There was, however, a finding of fact that $2,979.14 in additional interest on the construction loan was paid due to the default and delay.

This appeal asserts error first on the rental award as being based on an improper measure of damages, and second, as to $8,936.61 of the total award of $14,006.39 on the purchased claims as being unsupported by competent and admissible evidence. Error is also assigned on the admission of certain documentary evidence in connection with the purchased claims.

We affirm without elaboration as to the purchased claims, and the documentary evidence question. The evidence to support each of the claims in the amount of the purchase price awarded was ample, and there was no prejudicial error in the admission of the documentary evidence of which appellant complains. There was proof of the purchase of and the payment for the claims by appellees, and of their assignment to appellees; and of the use of the materials in and the application of the labor to the houses in question. The sales of the ma-

terials and labor to Ward Brothers were proven among other ways by the vice president of Ward at the time of the purchase and use who also testified that the materials and labor were used in and applied to the houses. This was sufficient to sustain the burden of proof, and the judgment in this respect. Colonial Oil Company v. United States Guarantee Company, D.C.S.D. Ga., 1944, 56 F.Supp. 545, affirmed, reverse title, 5 Cir., 1944, 145 F.2d 496. The recovery of this item of damages is in line with the holdings of the Georgia courts that such amounts as are necessary to complete the houses, and to free them from the liens of materialmen and laborers are proper elements of damage in a claim on a performance bond against a surety. Massachusetts Bonding & Insurance Co. v. Realty Trust Company, 1914, 142 Ga. 499, 83 S.E. 210; and Peachtree Roxboro Corporation v. United States Casualty Company, 1960, 101 Ga.App. 340, 114 S.E.2d 49.

Left for decision is the loss of rentals question. The Georgia rule must be applied to the facts of this case. These houses were not constructed to be rented but to be sold. There is no evidentiary foundation for saying that their rental was within the contemplation of the parties. The houses were constructed under veterans administration procedures, subject to their regulations and inspection, with permanent veterans administration loans on sale to follow their construction with interim financing.

■ The Georgia rule is well stated in The Darlington Corporation v. Evans, 1953, 88 Ga.App. 84, 76 S.E.2d 72, as follows:

"Damages growing out of a breach of contract, in order to form a basis of recovery, must be such as could be traced solely to breach, be capable of exact computation, must have arisen according to the usual course of things, and be such as the parties contemplated as a probable result of such breach. Sanford-Brown Co. v. Patent Scaffolding Co. [1945] 199 Ga. 41, 33 S.E.2d 422. The measure of damages in the case of a breach of contract is the amount which will compensate the injured person for the loss which a fulfillment of the contract would have prevented or the breach of it entailed. In other words, the person injured, is, so far as it is possible to do so by a monetary award, to be placed in the position he would have been in had the contract been performed. * * * Ga. Power [& Light] Co. v. Fruit Growers Exp. Co. [1937] 55 Ga.App. 520, 527, 190 S.E. 669, 672." See also Georgia Code Section 20–1407.

■ The situation presented here is not one, as appellees contend, which contemplated use of the premises by appellees, or its use as rental property. Cannon v. Hunt, 1901, 113 Ga. 501, 38 S.E. 983. However the court allowed recovery of rent as an item of damages in the sum of $125.00 per month per house during the period of the delay. This amounted to a windfall under the facts where rental was not contemplated, and where there is no contention that the houses were not built for sale only, and sold as originally planned, and for the same price, though at a later date. This went beyond compensation for the loss which a fulfillment of the contract would have prevented.

■ The elimination of this item revives the claim for additional interest paid on the construction loan as an element of damages under these facts. It was properly claimed and, fortunately, it will not be necessary to remand for a new trial for a consideration of it. The trial court has already made a sufficient finding, and determined the amount paid to have been $2,979.14.

The judgment is affirmed as to the award for the purchased claims, $14,006.39. No appeal was taken from the award of $2,085.25 for additional discount suffered. The judgment is reversed as to the award for loss of rentals in the amount of $21,433.99. The case is remanded for the entry of judgment

for the additional interest paid in the amount of $2,979.14, and overall in the total amount of $19,070.78, the sum of the three items of damage: purchased claims, additional discount suffered, and additional interest paid. The judgment shall bear interest from March 21, 1962, the date of the original judgment.

Affirmed in part; reversed in part; remanded for further proceedings not inconsistent herewith.