## 54147. BROWN v. BRIGHAM.

SHULMAN, Judge.

This contract action arose from a buy-sell agreement for the stock of a corporation. In the agreement the buyer promised to ". . . maintain its present office and to employ Mrs. Waters until December 31, 1976. . ." Shortly after finalization of the agreement, Mrs. Waters left the state. The buyer did not replace her. Appellee brought suit for $3,400, the amount which would have been paid for clerical services for the duration of the agreement. This appeal is from a judgment based on a jury verdict for the appellee in the full amount prayed for.

1. The first enumeration of error complains of the admission of parol evidence to explain the intent of the parties. Appellant contends the agreement was complete and definite on its face and without ambiguity. Parol evidence would not be admissible unless such an ambiguity existed. Code Ann. § 20-704 (1). The trial court ruled that an ambiguity did exist and we agree. The language of the agreement was such that it is not clear whether the central concern of the disputed portion was provision of an office for appellee's use or retention of appellee's long-time employee. It was, therefore, proper to admit parol evidence to ascertain the intent of the parties.

2. Appellant also finds error in the trial court's refusal to direct a verdict against appellee because of a failure to show damages. As the verdict shows, appellee convinced the jury that the agreement required appellant

to supply appellee an office staffed as it was before the sale of the business. The evidence showed that there was no staff provided after Mrs. Waters left. Testimony established that the salary being paid the secretary/clerk (Mrs. Waters) was $200 per month. That amount, for 17 months, was what appellee claimed as damages. Simply put, appellant promised to provide a service but failed to do so. The cost of that service would have been $3,400. The jury was authorized by the evidence to believe this amount of damages can be traced solely to the breach, is capable of exact computation, arose according to the usual course of things, and was such as the parties contemplated as the probable result of such breach. *Sanford-Brown Co. v. Patent Scaffolding Co.*, 199 Ga. 41 (33 SE2d 422). There was no error in denying a directed verdict for appellant.

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

SUBMITTED JULY 11, 1977 — DECIDED SEPTEMBER 6, 1977.

*Wilson, Trotter & Harvey, William A. Trotter, III*, for appellant.

*Burnside, Dye, Miller & Bowen, A. Montague Miller*, for appellee.

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

