[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 23, 2005
THOMAS K. KAHN
CLERK**

No. 04-10918

_____

D. C. Docket Nos. 00-02642-CV-GET-1
& 01-00028-CV-GET

00-CV-2642

FIRST NATIONAL INSURANCE
COMPANY OF AMERICA,

Plaintiff-Counter
Defendant-Cross
Claimant-Appellant,

versus

D.P.S. INDUSTRIES, INC. (GA),

Defendants-Third
Party-Plaintiff
Counter-Claimant
Counter-Defendant
Cross-Defendant
Appellant,

DAVE PARRISH, SR.,

Defendant-Third
Party-Plaintiff
Counter-Claimant
Counter-Defendant
Appellant,

PRAVIN R. SHAH, Individually

                                    Counter-Defendant,

CHEOAH CONSTRUCTION COMPANY INC.,

                                    Third-Party
                                    Defendant-Counter
                                    Claimant-Appellee,

BOARD OF EDUCATION OF THE
CITY OF ATLANTA, as the school
district in the name of Atlanta
Independant School System,

                                    Third-Party
                                    Defendant-Counter
                                    Claimant.

--------------------------------------------------------------------------------

01-CV-28
CHEOAH CONSTRUCTION COMPANY, INC.,

                                    Plaintiff-Appellee

                        versus

FIRST NATIONAL INSURANCE
COMPANY OF AMERICA

                                    Defendant-Third
                                      Party-Plaintiff
                                    Counter-Defendant
                                        Appellant,

D.P.S. INDUSTRIES, INC. (GA),

                                    Third-Party

                                             Defendant-Counter
                                             Claimant-Fourth
                                                 Party-Plaintiff
                                             Counter-Defendant
                                                    Appellant,

DAVE PARRISH, SR.,

                                                   Third-Party
                                             Defendant-Fourth
                                                 Party-Plaintiff
                                             Counter-Defendant
                                                    Appellant,

BOARD OF EDUCATION OF THE
CITY OF ATLANTA, as a school
district in the name of
Atlanta Independant School
System,

                                                  Fourth-Party
                                                    Defendant,

PRAVIN R. SHAH,

                                             Counter-Defendant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(August 23, 2005)**

Before EDMONDSON, Chief Judge, BIRCH and COX, Circuit Judges.

PER CURIAM:

This appeal arises from a contract entered into between D.P.S. Industries, Inc. (GA) ("DPS"), and the Board of Education of the City of Atlanta ("the School Board") for the performance of certain work in preparation for the construction of a new school. DPS and the surety on its statutory payment bond, First National Insurance Company of America ("FNIC"), appeal the district court's ruling that $275,000 paid by the School Board to DPS's subcontractor, Cheoah Construction Company, Inc. ("Cheoah"), does not apply to reduce the amount owed to Cheoah by DPS. Additionally, Dave Parrish, Sr., the President of DPS, appeals the district court's judgment against him because Cheoah asserted no claim against Parrish. Upon review of the record and the arguments of the parties, we conclude that the district committed error in including the $275,000 in the damages award to Cheoah, and we **REVERSE** and **REMAND** to the extent necessary to correct this error. Additionally, we **VACATE** the district court's judgment to the extent that it includes Parrish.

## I. BACKGROUND

On or about 29 April 1999, DPS, a contractor, entered into a General Contract For Sitework ("the Contract") with the School Board. Under the Contract, DPS agreed to perform certain site preparation work for the construction

4

of a new school in Atlanta ("the Project").  DPS, as principal, and FNIC, as surety, executed a statutory payment bond in connection with the Project.

In May 1999, DPS subcontracted with Cheoah to complete certain work required by the Contract.  Cheoah came to believe that it had not been paid sufficiently by DPS for work it had completed.  After Cheoah failed to obtain payment from DPS or by asserting a claim against FNIC pursuant to the statutory bond, it initiated direct negotiations with the School Board.

In a letter dated 23 December 1999, the School Board informed DPS that it "ha[d] paid DPS for a substantial portion of the work performed by Cheoah upon the Project," Exh. 2-57 at 2, that DPS ha[d] in turn failed and refused to release these payments to Cheoah," id., and that the School Board could thus "no longer trust or have confidence that DPS [would] fulfill its payment obligations to Cheoah," id. at 3.  Accordingly, the School Board notified DPS that it would issue joint checks made payable to both DPS and Cheoah "for all remaining and outstanding funds payable to DPS for work performed by Cheoah in accordance with the contract documents," id., and that if DPS failed to endorse properly the joint checks, it would discharge the payment obligation by issuing direct payments to Cheoah "pursuant to the terms of the Contract Documents, including but not limited to Articles 14 and 32 of the General Conditions," id.  Additionally, the

School Board informed DPS that it had issued one such joint check for $50,000. The School Board stated that if DPS did not endorse the check within 72 hours, it would "issue payment directly to Cheoah, discharging this portion of DPS's payment obligations to Cheoah . . ." Id.

In a letter dated 27 December 1999, the School Board informed DPS that DPS owed Cheoah an additional payment of $225,000 and that it had issued a joint check for that amount. Again, the School Board threatened to pay Cheoah directly if DPS failed to endorse the joint check within 72 hours. Exh. 1-218 at 3. The letter further stated that "[t]he payment of an additional $225,000 [to Cheoah] coupled with the $50,000 referenced in [the 23 December] letter represents full, complete and final payment for all labor, materials and work furnished, delivered, and performed by or on behalf of Cheoah upon the Project as approved and authorized by the [School Board]." Id.

DPS refused to sign off on any joint checks to Cheoah. Exh. 1-184 at 5. On 27 December 1999, the School Board made a direct payment to Cheoah in the amount of $50,000. On 29 December 1999, it made another direct payment to Cheoah in the amount of $225,000. In connection with these payments, Cheoah's authorized representatives executed a document entitled "PARTIAL RELEASE & PAYMENT OF CONTRACT FUNDS" ("the School Board / Cheoah Release").

6

The School Board / Cheoah Release provided, inter alia, that "[t]he [School Board] shall pay Cheoah, for work performed by Cheoah upon the Project, approved and authorized by the [School Board], a substantial portion of which has already been paid to DPS, directly if necessary, the lump sum of $275,000, in exchange for the covenants, representations, promises, and release contained herein." Exh. 2-7 ¶ 27, at 4. It specifically reserved to Cheoah all claims or causes of action which Cheoah had against DPS or Parrish.

Litigation ensued between Cheoah, DPS, Parrish, FNIC, and the School Board. By 1 July 2003, the remaining claims pending for trial that are relevant to this appeal were Cheoah's claims against DPS for breach of contract and against FNIC for liability pursuant to the payment bond for unpaid amounts allegedly owed to it for its work on the Project as DPS's subcontractor, and DPS and Parrish's counterclaim against Cheoah for breach of contract, indemnity, and litigation expenses.[1] On 20 January 2004, the district court commenced a bench trial on these claims.

After the close of all of the evidence, DPS and FNIC argued that the School Board's two payments to Cheoah totaling $275,000 should be counted as payments to Cheoah for its work on the Project and should thus reduce the amount owed to

---

[1] The pre-trial procedural history is complex, and we only discuss the procedural history relevant to this appeal.

Cheoah. However, the district court ruled that Cheoah was "entitled to retain the $275,000 without restriction or any other deductions or credits." R11 at 669. It then directed that judgment be entered for Cheoah for $294,481.80.

Before the entry of judgment, DPS and FNIC moved the district court to reconsider its ruling and apply the $275,000 payments by the School Board to Cheoah as payment for Cheoah's work on the Project, thereby reducing the judgment to the sum of $19,481.80. The district court denied the motion and entered judgment for $294.481.80 against DPS, FNIC, and Parrish. DPS, FNIC, and Parrish timely appealed.

## II. DISCUSSION

On appeal, DPS, FNIC, and Parrish advance two main arguments. First, DPS and FNIC contend that the district court erred in concluding that the $275,000 payments by the School Board to Cheoah should not be applied to reduce the amount owed to Cheoah for its work on the Project. Second, Parrish avers, and Cheoah concedes, that the district court erred by entering judgment against Parrish because Cheoah asserted no claim against him.

Because this is a diversity action, we look to the substantive law of Georgia to determine the correct measure of damages for a breach of contract. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 79, 58 S. Ct. 817, 823 (1938). Under Georgia

8

law,

> The measure of damages in the case of breach of contract is the amount which will compensate the injured person for a loss which a fulfillment of the contract would have prevented or the breach of it entailed.  In other words, the person injured[] is, so far as it is possible to do so by a monetary award, to be placed in the position he would have been in had the contract been performed.

New Amsterdam Cas. Co v. Mitchell, 325 F.2d 474, 476 (5th Cir. 1964); accord Accent Walls, Inc. v. Parker, 292 S.E.2d 509, 510 (Ga. Ct. App. 1982); Fratelli Gardino, S.p.A. v. Caribbean Lumber Co., 587 F.2d 204, 209 (5th Cir. 1979) (applying Georgia law and looking to "the amount of money that will make the injured party whole" to determine breach of contract damages).  Accordingly, a damages award may not place the injured party in a better position than it would have occupied had the breach of contract not occurred.  Geriner v. The Branigar Org., Inc., 489 S.E.2d 305, 306-07 (Ga. 1997), overruled on other grounds, Lee v. Green Land Co., Inc., 527 S.E.2d 204, 205 (Ga. 2000).

In this case, Cheoah received from the School Board two payments totaling $275,000 for its work on the Project.  Ruling that Cheoah was entitled to retain the $275,000 payments without restriction, the district court did not apply these payments to reduce the amount due to Cheoah for its work.  Thus, under the district court's judgment, Cheoah will receive $275,000 from DPS in addition to the $275,000 it has already received from the School Board.  Both payments are

9

for the same work. Cheoah will thus earn more money than it would have had the Subcontract not been breached. Because this result contravenes Georgia law, we conclude that the district court erred in holding that the $275,000 paid to Cheoah by the School Board did not reduce the amount owed to Cheoah on the Project.[2]

### III. CONCLUSION

We conclude that Cheoah's damages should be reduced by the $275,000 paid to it by the School Board. Accordingly, we **REVERSE** and **REMAND** the district's judgment for proceedings consistent with this opinion. Additionally, we **VACATE** the district court's judgment as to Parrish because Cheoah did not assert a claim against Parrish in this case.

---

[2] We find unpersuasive all of Cheoah's arguments to the contrary. First, we reject Cheoah's contention that DPS should be judicially estopped from arguing on appeal that "it suffered damage as a result of the School Board payment to Cheoah" because of its settlement with the School Board. Brief of Appellee at 16. Not only does DPS not advance this argument on appeal, the settlement between DPS and the School Board is irrelevant to the amount owed to Cheoah for its work on the Project. Second, we reject Cheoah's arguments that DPS has no standing to assert claims for its benefit under the Cheoah / School Board release because it is not a third party beneficiary of the release. This argument has no bearing on DPS's claim that Cheoah is not owed for work performed on the Project for which it was already paid. Third, Cheoah's argument that the district court based its ruling on the $275,000 payment on its decision that Cheoah's "pass-through" claims are barred supports has no merit. The district court's ruling did not increase the amount owed to Cheoah for work on the project.