GILLEN, guardian, *v.* COCONUT GROVE BANK AND TRUST COMPANY, receiver; *et vice versa.*

Nos. 8365, 8411. JUNE 12, 1931.

*R. S. Wimberly,* for plaintiff.

*Hall, Grice & Bloch* and *P. O. Holliday,* for defendant.

GILBERT, J. ■ "Where there is no conflict in the evidence, and that introduced with all reasonable deductions and inferences · therefrom demands a particular verdict, the court may direct the jury to find for the party entitled thereto." Civil Code (1910), § 5926. "The mere fact that there are conflicts in the testimony does not render the direction of a verdict in favor of a party erroneous, when it appears that the conflicts are immaterial, and that, giving to the opposite party the benefit of the most favorable view of the evidence as a whole and of all legitimate inferences therefrom, the verdict against him is demanded." *Sanders Manufacturing Co.* v. *Dollar Savings Bank,* 110 *Ga.* 559 (35 S. E. 777); *Skinner* v. *Braswell,* 126 *Ga.* 761 (55 S. E. 914); *Walters* v. *Walters,* 151 *Ga.* 527, 530 (107 S. E. 492); *Colbert* v. *Pitner,* 157 *Ga.* 690 (122 S. E. 315); *Cook* v. *Washington,* 166 *Ga.* 329, 347 (143 S. E. 409). Applying the foregoing principles to the evidence, the court did not err in directing a verdict for the defendant.

■ Movant complains that the court erred in admitting in evidence a letter dated November 24, 1927, from the attorney representing Ponder as the defendant in the case wherein the judgment sought to be set aside was rendered. The objection was based upon the contention that the letter was immaterial, irrelevant, and hearsay. The letter was from the attorney of record representing the defendant, and it must be assumed that it was sent with authority. Accordingly, the ruling of the court was not erroneous.

■ Another ground of the motion for a new trial is based upon alleged newly discovered evidence consisting of a certified copy of the record of the court of ordinary of Stewart County, dated

May 25, 1898, showing the fact that Ponder was at that time committed to the asylum for the insane at Milledgeville. A counter-showing was made in response. This ground of the motion shows no cause for the grant of a new trial. The petitioner in this case, the sister of Ponder acting as his guardian, attaches an affidavit that she informed counsel that when "she was a girl the said L. Ponder was sent off to some institution for mental diseases, she thought to the State asylum at Milledgeville, but she did not know anything about how the matter was handled or what procedure was adopted to get him there, or whether it might have been to some private institution." The affidavit of counsel is to the same effect. With this information it must be held that ordinary diligence before the trial would have discovered the record and all of the facts sought to be brought out. The judgment which is sought to be set aside, as well as the present proceeding, was instituted in the same county where the commitment proceedings were had. Moreover, the counter-affidavit shows that Ponder was received in the State Insane Asylum at Milledgeville on May 23, 1898, and discharged on July 19, 1898, as "restored," showing his detention for the brief period of less than sixty days.

*Judgment affirmed on main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*