## 33453. STEWART v. WESTERN UNION TELEGRAPH CO.

DECIDED MARCH 16, 1951.

W. George Thomas, George Stewart, J. E. B. Stewart, for plaintiff.

Morris B. Abram, Heyman, Howell & Heyman, for defendant.

TOWNSEND, J. (After stating the foregoing facts.) ■ The bank upon which the payment of a check is sought to be stopped being the agent of the maker, the latter is entitled as a matter of right to stop payment of any check drawn by him on such bank at any time before such check is presented to such bank for payment. Bank of Hamilton v. Williams, 146 Ga. 96 (90 S. E. 718). This right, of course, cannot be exercised by the maker of such check in a way and manner that will prejudice the rights of holders in due course of the check in question, without becoming liable on the instrument to such holders. Code, §§ 14-507, 14-604, 14-609. Sparks Milling Co. v. Western Union Telegraph Co., 9 Ga. App. 728 (72 S. E. 179). When this right on the part of the maker of a check is sought to be exercised by giving notice to the drawee bank through the communicable means of a telegraph service, the telegraph company becomes liable for any damages sustained by inexcusable failure on its part to make proper delivery of the telegram. Cronheim v. Postal Tel. &c. Co., 10 Ga. App. 716 (4) (74 S. E. 78).

■ The maker of the check under consideration was liable as such to innocent holders in due course, for value, and without notice that at the time it was negotiated there was any infirmity or defect in the title of the person negotiating it. See Code, §§ 14-502, 14-507, supra. Upon the check being drawn, it was endorsed by the payee. The maker then endorsed it under the name of the payee. The check was then endorsed by one Krieger. It was cashed by him and endorsed by the C. & S. Bank of Valdosta. Thus, in addition to a liability on the check as maker, the plaintiff was an accommodation endorser and therefore liable to all parties subsequent to the payee on said check. Code, §§ 14-604, 14-609. These transactions were all had on the same day the check was issued and before it was presented to the drawee bank for payment. It was therefore impossible for payment to have been stopped on the check in such manner as to avoid liability, both as maker and endorser, to the plain-

tiff as hereinbefore pointed out. The failure of the defendant, therefore, to deliver the telegram in no way affected the liability of the plaintiff on the check. The $1000 paid by the drawee bank from the account of the maker is equivalent to the same sum as the maker was liable to pay in any event had payment been stopped.

■ The evidence demands the conclusion that the defendant breached a legal duty which it owed to the plaintiff. The plaintiff did all that was required and necessary on his part to get the message sent. The failure of the defendant to transmit the message properly was through no fault of his. The action, however, is based on .one item of special damage, in the sum of $1000. The plaintiff failed to prove any loss for the reasons set out in the preceding division of this opinion, and was therefore not entitled to the measure of damages sought. The petition does not seek general damages. Had it done so, the plaintiff's case would have been made out for nominal damages. See *Lastinger* v. *City of Adel,* 69 *Ga. App.* 535 (26 S. E. 2d, 158). He could have sued for nominal damages only. See *Green* v. *Weaver,* 63 *Ga.* 303. Had he sued for general damages or nominal damages, either or both, the direction of the verdict against him would have been error. Where a petition enumerates the items of special damage and this amount aggregates the exact sum sued for, it is assumed that the purpose of the plaintiff was simply to seek a recovery of his special damages, and that he waives the right to recover general and nominal damages. *Hadden* v. *Southern Messenger Service,* 135 *Ga.* 373 (3) (69 S. E. 480); *Wright* v. *Smith,* 128 *Ga.* 432 (57 S. E. 684); *Hall* v. *Browning,* 195 *Ga.* 423, 428 (24 S. E. 2d, 392).

■ There being no conflict in the evidence in this case; and the evidence introduced, construed in its light most favorable to the plaintiff, being insufficient to support a verdict in his favor, it was not error for the trial court to direct a verdict in favor of the defendant. See Code, § 110-104; *Whitaker* v. *Paden,* 78 *Ga. App.* 145 (50 S. E. 2d, 774).

The trial court did not err in directing a verdict in favor of the defendant.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*