## 46967.   BIG BUILDER, INC. v. EVANS et al.

BELL, Chief Judge. Plaintiff, as payee, brought separate suits against four defendants as makers on promissory notes. Each defendant admitted execution of the notes, denied any indebtedness and pleaded failure of consideration and counter-claimed for money damages. The cases were consolidated for trial and heard by the trial judge as a jury trial was waived. Motions of plaintiff to dismiss the defenses of failure of consideration and the counter-claims were denied. The ground of the motions was that the defense of no consideration and counterclaims were not supported by written contracts made as a part of the same transaction and as the notes were unconditional contracts in writing no parol evidence was admissible to alter their terms. All notes recited that they were given

for "value received." The defendants testified over objection based on the parol evidence rule that the notes were executed by them in consideration of plaintiff's oral promises to repair and correct defective construction on homes that plaintiff had sold to them and that plaintiff had failed to perform. The court granted judgment for the defendants on the main suits and for them on their counterclaims. *Held:*

1. The words "value received" in a promissory note, are ambiguous and open to explanation by parol and a defendant may explain what the actual consideration was and that it failed. *Reviere v. Evans,* 103 Ga. 169 (29 SE 756). There was no error in admitting the parol evidence nor in denying the motions to dismiss. The plaintiff relied solely on the admission of the defendants as to execution and offered no other evidence. The judgments in favor of the defendants on the plaintiff's claims are affirmed.

2. Each counterclaim alleged damages to the houses concerned as a result of plaintiff's failure to perform the repairs. There is absolutely no evidence to support any money judgments for the defendants on the counterclaims. Defendants offered no evidence at trial other than that noted in Division 1. The mere fact that plaintiff failed to perform the repairs standing alone does not furnish a basis upon which the amount of the loss can be calculated. Where a party sues for damages, he has the burden of proof of showing the amount of loss in a manner in which the jury or the trial judge in nonjury cases can calculate the amount of the loss with a reasonable degree of certainty. An allowance for damages cannot be based on guess work. *Studebaker Corp. v. Nail,* 82 Ga. App. 779 (62 SE2d 198). The judgments are reversed as to each counterclaim.

*Judgments affirmed in part; reversed in part. Eberhardt, P. J., and Evans, J., concur.*

Submitted March 6, 1972—Decided June 14, 1972.

*Jimmy D. Harmon,* for appellant.
*Kemper & Miller, Marvin A. Miller,* for appellees.