59254. HOLDER et al. v. J. F. KEARLEY, INC.

McMURRAY, Presiding Judge.

On or about July 27, 1976, Aubrey E. Holder and Nan L. Holder entered into a contract with J. F. Kearley, Inc., whereby Kearley was to construct a dwelling house on the Holders' property. The owners agreed to pay the contractor $4,000 ($1,000 per month for four months, the last $1,000 to be paid only after all the work was completed) and the contractor agreed that the cost of the work and the contractor's fee was guaranteed not to exceed $51,860, to be increased or decreased in accordance with changes in the work. The owners from time to time might issue written instructions or drawings to the contractor making changes therein, and the contractor was to be reimbursed for such changes in the work on the basis of the cost of the work which had been budgeted in arriving at the guaranteed maximum cost.

The contractor contended that the Holders owed it the sum of $12,171.32 on the house which became due on June 5, 1977. A claim of lien for this amount was filed on August 12, 1977.

On May 31, 1978, the contractor, as plaintiff, sued the Holders, as defendants, in three counts, contending in Count 1 that the parties had mutually departed from the contract by mutually disregarding the provisions calling for written orders for extra work. As a result of the substantial increase from the changes and extras the cost of the work performed by plaintiff was increased to $59,618.17 and when added to the $4,000 fee to which plaintiff was entitled defendants became obligated to the plaintiff in the sum of $63,618.17. Defendants had paid

$51,446.85, leaving a balance due of $12,171.32 "plus interest since the date that amount came due, June 1, 1977." In Count 2, plaintiff sought judgment for this amount for services rendered, that is, labor, equipment, and material, in which defendants had benefited through the construction of the dwelling on the real property. In Count 3, plaintiff sought foreclosure of the lien within 12 months of the date it became due seeking a personal judgment in the amount of $12,171.32 plus interest and a special judgment against the property by reason of the foreclosure of this lien. Plaintiff attached a copy of the claim of lien, the alleged contract, and a summary of the changes in labor and material which resulted from the instructions and authorizations of the defendant Aubrey E. Holder. This summary of the changes shows the extra cost to be $12,154.

The defendants answered, admitting jurisdiction, the execution of the contract for the construction of the dwelling on their property with the plaintiff corporation but otherwise denying the claims of the plaintiff. In addition, they filed a counterclaim in two counts, seeking damages in Count 1 in the sum of $5,000 by reason of plaintiff's failure to construct the house in a workmanlike manner; and, in Count 2, for damages contending the construction of the house had been completed more than three months before the filing of the lien, and they had been damaged in the amount of $15,000 by reason of the erroneous lien being wrongfully filed against the property.

After discovery the case proceeded to trial in which the contract and plans were admitted in evidence, as well as plaintiff's summary of the changes, without objection on the part of the defendants. Plaintiff's other exhibits were finally admitted over the objection of the defendants' counsel. After the completion of the trial in which the court directed a verdict against the defendants as to their counterclaim, the jury returned a verdict in favor of the plaintiff in the amount of $12,171.32, granting a lien on defendants' property and awarding interest at 7% from June 15, 1977. The judgment followed the verdict. A motion for new trial was filed, amended, and after hearing, was denied. Defendants appeal. *Held:*

1. It is noted here that defendants never objected to the admission of the testimony of the corporate president of the plaintiff nor to the admission in evidence of the contract and the summary of the changes attached to the petition. The admission into evidence of testimony without objection cannot be grounds for error on appeal. *Meeks v. Meeks,* 209 Ga. 588 (1) (74 SE2d 861). Even an otherwise valid objection is waived unless timely made at trial. *Atlanta Enterprises v. James,* 68 Ga. App. 773, 775 (24 SE2d 130); *Knox Metal Products v. Watson,* 100 Ga. App. 832, 834 (112 SE2d 295).

2. The evidence was sufficient to support the verdict both as to the money judgment and the special judgment as to the lien; and the general grounds of the motion for new trial are not meritorious. *Northcutt v. Crowe,* 116 Ga. App. 715, 717 (158 SE2d 318), and cases cited therein. See also *Sears, Roebuck & Co. v. Superior Rigging &c. Co.,* 120 Ga. App. 412, 413 (1) (170 SE2d 721).

3. No objection was made to the admission in evidence of the exhibits showing a summary of the overages and credits with reference to the alleged extra costs over the guaranteed maximum sum to be spent, although plaintiff offered testimony to support its claims thereto as well. There is no merit in the complaint that the summary should not have been allowed in evidence.

4. No exceptions were made to the charge as given. There is no merit in the claimed errors in the charge. See Code Ann. § 70-207 (a) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078); *Jim Walter Corp. v. Ward,* 150 Ga. App. 484, 490-491 (6) (258 SE2d 159), and cits.

5. It is always discretionary with the trial court to re-open after both parties have closed. *Ricker v. Brancale,* 113 Ga. App. 447 (2) (148 SE2d 468); *Dimmick v. Pullen,* 120 Ga. App. 743, 744 (1) (172 SE2d 196); *Maloy v. Dixon,* 127 Ga. App. 151 (4), 161-163 (193 SE2d 19). The trial court has not been shown to have abused its discretion in failing to re-open the case and let in other evidence offered by the defendants after defendants had rested their case.

6. Defendants' counterclaim involved poor workmanship and damages for wrongfully filing a

mechanics' and materialmen's lien. The record is devoid of any evidence as to damages for the wrongful filing of the lien. Indeed, this state court also felt that it did not have jurisdiction of this issue (libel). There was some evidence by the defendants as to poor workmanship with reference to the brick work (photographs of same), concrete blocks collapsing in the basement, cracks in the front stoop, dust problems with reference to an electronic air filter, gas lamps inoperable, improper molding, defective air conditioner, worms in the cedar wood as well as cracks where it did not overlap as it should. But defendants made no estimate as to the cost to correct such problems although they did offer testimony that in repairing the air conditioner a new coil was installed after it was out of warranty, but no cost was made for same, however, defendants paid "about $72" for installation. Damages recoverable for breach of contract are such as arise naturally and according to the usual course of things from such breach. Code § 20-1407. Remote or consequential damages are not allowed whenever they cannot be traced solely to the breach of contract. The trial court did not err in directing the verdict against the defendants as to the counterclaim since the defendants had failed to support their counterclaim with evidence of damages. See *Big Builder, Inc. v. Evans,* 126 Ga. App. 457, 458 (2) (191 SE2d 290); *Toole v. Brownlow & Sons Co.,* 151 Ga. App. 292, 295 (259 SE2d 691). The proper measure of damages for defective workmanship would be the cost to repair the defect. Compare *McKee v. Wheelus,* 85 Ga. App. 525 (69 SE2d 788). The defendants offered other evidence with reference to credits in regard to the costs of construction but these involve a setoff and are not a part of the counterclaim. The trial court did not err in directing the verdict against the defendants in this regard.

7. We do not find that the award of the jury was so excessive as to justify an inference of gross mistake or undue bias. We find no direct proof of same. There is no merit to the contention that the trial court erred in failing to set aside the verdict for excessiveness. See *Redwing Carriers, Inc. v. Knight,* 143 Ga. App. 668, 677 (12) (239 SE2d 686); *Jim Walter Corp. v. Ward,* 150 Ga. App. 484, 492 (8), supra.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED JANUARY 17, 1980 — DECIDED FEBRUARY 26, 1980 —
REHEARING DENIED MARCH 12, 1980 —

*Richard N. Hubert,* for appellants.
*Thomas J. Wingfield,* for appellee.