61184. HOSPITAL AUTHORITY OF CHARLTON COUNTY v. BRYANT.

QUILLIAN, Chief Judge.

Action for damages for breach of contract.

Defendant-appellant Hospital Authority entered into a written agreement with plaintiff-appellee Bryant by which appellee agreed to clean carpets and wax and buff tile floors in appellant's hospital at specified frequencies for which appellant agreed to pay stated fees. The agreement became effective on February 1, 1978 for a period of one year. Appellee performed the services and appellant paid him for them until December 7, 1978 when appellant unilaterally terminated appellee's services, preventing his further performance under the agreement. The reasons given for the termination were variously that the hospital could do the work at less cost with its own employees, or that appellee's services were unsatisfactory (although the hospital administrator gave appellee a letter of recommendation indicating the contrary). After his written demands that the contract obligations be fulfilled were ignored, appellee commenced this action alleging breach of contract and asking for compensatory damages of $1790 for the loss of fees he would have received for his services in December 1978 and January 1979 if the contract had continued to its expiration, plus punitive damages and attorney fees of $5000 each. Appellant answered alleging justification for the breach because of inadequate performance by appellee and counterclaimed for some damage to the walls of the hospital alleged to have been committed by appellee. Appellee received a jury verdict and judgment for $4250, from which this appeal is taken. *Held:*

1. There is no merit in appellant's anomalous contention that its motions for directed verdict and judgment notwithstanding the verdict should have been granted because there was no evidence establishing consideration for a promise by appellant to pay appellee for services he did not render in December 1978 and January 1979 after appellant prevented him from performing further.

The written contract was in evidence and its undisputed terms were that the appellee promised to periodically perform floor

maintenance service for specified fees for a period of one year and appellant promised to pay appellee for those services. The mutual promises of the parties provided the required consideration. Code Ann. § 20-304; *Giant Peanut &c. Co. v. Long Mfg. Co.,* 129 Ga. App. 685, 687 (201 SE2d 26).

2. Appellant filed a motion for judgment notwithstanding the verdict or in the alternative for a new trial and claims error in the denial thereof because there was no evidence establishing damages.

"The burden is on the plaintiff to show both the breach and the damage [cit.], and this must be done by evidence which will furnish the jury data sufficient to enable them to estimate with reasonable certainty the amount of damages. [Cits.] It cannot be left to speculation, conjecture and guesswork. [Cit.]" *Bennett v. Assoc. Food Stores,* 118 Ga. App. 711, 716 (165 SE2d 581); *Big Builder, Inc. v. Evans,* 126 Ga. App. 457, 458 (191 SE2d 290); *Lester v. S. J. Alexander, Inc.,* 127 Ga. App. 470, 471 (193 SE2d 860).

While the evidence showed a clear breach of contract and the total amount appellee would have received if the contract had not been breached, it did not show the amount of appellee's expenses which would have been incurred and which would have been deductible from the total amount. The jury thus had no way to establish the proper measure of damages with a reasonable degree of certainty. See *Lingo v. Kirby,* 142 Ga. App. 278, 279 (236 SE2d 26). Therefore the verdict was not authorized by the evidence as it failed to establish the exact amount of damages and the judgment is reversed, with direction to grant a new trial. Code Ann. § 81A-150 (e).

3. The trial court erred in charging the jury that punitive damages could be awarded as such damages in contract cases are prohibited by Code Ann. § 20-1405. Contrary to appellee's assertion we find no evidence of tortious misconduct which would justify the imposition of exemplary or punitive damages.

"In the absence of any evidence of tortious interference with property rights, the trial court erred in charging the jury that the plaintiffs could recover punitive damages. 'Exemplary damages can never be allowed in cases arising on contracts.' Code Ann. § 20-1405. This is true even though the refusal to pay may be in bad faith. [Cits.]" *Nestle Co. v. J. H. Ewing & Sons,* 153 Ga. App. 328 (3), 332 (265 SE2d 61).

4. Appellant also claims that the trial court erred in refusing to grant judgment notwithstanding the verdict or in the alternative a new trial because there was no evidence to support a judgment including attorney fees or expenses of litigation.

"Expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been

stubbornly litigious, or has caused the plaintiff unnecessary trouble and expenses, the jury may allow them." Code Ann. § 20-1404.

When there is evidentiary support therefor, whether a plaintiff is entitled to expenses of litigation is a jury question. *Murphy v. Morse,* 96 Ga. App. 513 (3) (100 SE2d 623); *Beaudry Ford, Inc. v. Bonds,* 139 Ga. App. 230 (2) (228 SE2d 208).

The error alleged here is not likely to recur in the event of a new trial as the evidence may be different.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 3, 1981.

*John B. Adams,* for appellant.
*Rudolph J. Chambless,* for appellee.