## 63817. ACCENT WALLS, INC. v. PARKER.

QUILLIAN, Chief Judge.

Per written contract appellant installed a swimming pool at appellee's residence in March 1976 and warranted it for any defects in materials or workmanship for one year. Appellee brought this action against appellant for breach of the contract warranty. At trial in March 1981 appellee presented evidence that within the warranty period the pool leaked, among other defects, and that she was unable to get it repaired. Appellant presented evidence of compliance with the warranty. The jury found there was a breach of contract by appellant by its verdict for appellee in the amount of $3,570. This appeal is taken from entry of judgment on the verdict. *Held:*

1. Error is asserted because the trial court failed to grant appellant's motion for a directed verdict made on the ground that appellee had not proved the measure of damages.

Appellee's evidence was that she had paid $7,173 for the pool, that it was poorly constructed, and that she had not been able to get it repaired. There was no evidence of how much it would cost to repair the pool. The only evidence in the nature of damages was the testimony of Neasbit, a contractor, who testified that the pool was repairable by someone who knew how, although he did not know how. He stated that to remove the pool and fill up the hole two years before the trial would have cost from $1000 to $1500 plus the cost of 10 to 15 loads of dirt at $15 per load.

The measure of damages for breach of contract is the amount which will compensate the injured person for a loss which a fulfillment of the contract would have prevented or the breach of it entailed. That is, the injured person is, so far as it is possible to do so by a monetary award, to be placed in the position he would have been if the contract had been fully performed. *Crawford & Assoc., v. Groves-Keen, Inc.,* 127 Ga. App. 646 (1) (194 SE2d 499); *Lankford v. Trust Co. Bank,* 141 Ga. App. 639 (2) (234 SE2d 179).

"The burden is on the plaintiff to show both the breach and the

damage [cit.], and this must be done by evidence which will furnish the jury data sufficient to enable them to estimate with reasonable certainty the amount of damages. [Cits.] It cannot be left to speculation, conjecture and guesswork. [Cit.]" *Bennett v. Assoc. Food Stores,* 118 Ga. App. 711, 716 (165 SE2d 581). Accord, *Big Builder, Inc. v. Evans,* 126 Ga. App. 457, 458 (191 SE2d 290); *Lester v. S. J. Alexander, Inc.,* 127 Ga. App. 470, 471 (193 SE2d 860).

We find the evidence presented by appellee insufficient to meet the foregoing standards. Despite appellee's testimony that she was unable to get the pool repaired her own witness, Neasbit, testified that it was repairable. No evidence of the cost of repair was presented. Testimony was presented of what it would cost to remove the pool and fill up the hole two years prior to trial and more than two years after the breach, but this is not the measure of damages for breach of the contract. "The proper measure of damages for defective workmanship would be the cost to repair the defect." *Holder v. J. F. Kearley, Inc.,* 153 Ga. App. 843 (6), 846 (267 SE2d 266). Appellee did not meet the burden of providing the jury "data sufficient to enable them to estimate with reasonable certainty the amount of damages."

Therefore, the trial court erred in failing to direct a verdict for appellant.

2. In view of the foregoing the remaining enumeration need not be addressed.

*Judgment reversed. Shulman, P. J., and Carley, J., concur.*

DECIDED JUNE 18, 1982.

*James D. Walker, Jr.,* for appellant.
*T. J. Foss, Jack E. Boone, Jr., Thomas M. Odom,* for appellee.