## 66908. ADAMSON COMPANY, INC. v. OWENS-ILLINOIS DEVELOPMENT CORPORATION.

McMURRAY, Presiding Judge.

This appeal involves the intervenor in a suit for damages based on breach of contract in which judgment was awarded to the original plaintiff against the defendant.

On or about January 25, 1982, Athena Pipeline, Inc., a Georgia corporation, entered into a contract with Owens-Illinois Development Corporation and agreed to furnish all labor, materials, equipment and supplies to construct a complete water treatment and distribution system in Owens-Illinois Development Corporation's Scenic Shores subdivision (Tract 29), in Hancock County, Georgia. As a part of that contract there was a provision for a 10% hold back of all amounts due contractor until final acceptance of the system by the proper state authority. In addition, if any phase of the contract is not completed by completion date and for which no extension of time had been granted the contractor shall pay the owner a daily penalty of $50 per working day for all days required beyond the appropriate completion time for final completion and no such payment shall constitute a waiver or release of any liability of the contractor under the contract. The contractor was to complete phase 1 by June 1, 1982, and phase 2 by July 1, 1982. By letters dated July 7, 1982, and August 17, 1982, the owner notified the contractor of certain defaults in its contractual obligations and that it was enforcing the delay penalty provisions of the contract and that the contract would be terminated on September 3, 1982.

Plaintiff Owens-Illinois Development Corporation brought suit against Athena Pipeline, Inc. (contractor) contending that the contractor failed to complete either phase 1 or phase 2 on the specified dates and thereafter abandoned the project, leaving the system incomplete and inoperable, and that the plaintiff, as owner, exercised its rights under the contract and terminated the contract. Plaintiff further contended that in addition to the unauthorized delay in completing the system, the contractor failed to pay for materials and labor supplied to the project and subjected the owner's

real estate to materialmen's and laborer's liens. Damages were sought against the defendant contractor for additional costs and expenses, the delay penalty, for lost sales, for cost and expenses involving the removal of liens and attorney fees and expenses of litigation.

The defendant Athena Pipeline, Inc. answered the complaint denying the claim, admitting only jurisdiction and the substance of the above facts with reference to the contract.

Adamson Company, Inc. then moved to intervene, having supplied certain storage tanks to the project site all in part performance of defendant's contractual obligations to the owner (plaintiff Owens-Illinois Development Corporation) contending the tanks conform to the contractual requirements of the owner by the contractor (the defendant). Defendant failed to pay intervenor for the tanks and was liable to it for a breach of contract (Count 1), for unjust enrichment (Count 2) and for unjust enrichment on the part of the owner (Count 3), all in the same amount, seeking judgment in Counts 1 and 2 against the defendant in a stated sum; and judgment as to Count 3 against the plaintiff in the same amount. The court allowed the intervention. Thereafter Count 3 of the intervention was amended to set out that the defendant was out of business and insolvent, plaintiff had withheld 10% of all amounts due the defendant until final acceptance of the system and intervenor claims a beneficial interest in these sums withheld and that a resulting trust should be implied with regard to these monies. Intervenor prayed that it have judgment against the defendant for these sums and an implied resulting trust be impressed upon the monies held by the plaintiff to be awarded to it.

The plaintiff filed an answer to the cross-complaint, as amended, in substance denying the claims of the intervenor, admitting only the existence of the contract between the owner and the contractor, including its right to withhold 10% of all amounts due the defendant until final acceptance of the system by the proper state authority and that the intervenor claims a beneficial interest in these monies, but denies that intervenor was entitled to any portion of same.

After discovery motions for summary judgment were filed by the plaintiff and the intervenor. After a hearing the court granted a partial summary judgment to the plaintiff against the defendant for breach of contract for $6,750 as liquidated damages for 135 days at $50 per day, but reserved for determination at a bench trial all other issues of damages. As to the intervenor, the court granted its motion for summary judgment against the defendant in the sum of $33,378.74.

The intervention was severed, or rather, only the main action

was considered as to the remaining issues of plaintiff's claim. The case proceeded to trial before the court without the intervention of a jury at which time the issues were narrowed to the value of cost to the plaintiff of obtaining a replacement warranty which was one of the things contained in the contract with reference to a one year warranty of the water system that was to be installed. Plaintiff contends it lost the benefit of the one year warranty by reason of the default in the contract. The plaintiff had brought in another contractor to complete the system, and the same has been totally completed. The plaintiff set forth that the only claim remaining was the value of the warranty which had not been complied with inasmuch as it had obtained another contractor to get the job completed, and the contract with the new contractor was approximately the same it would have been had the defendant completed the job. However, this contract work did not cover the warranty. Counsel for plaintiff also points out that liens had been filed against plaintiff and that other liens still might be filed, and the plaintiff still had some contingent liability with reference to these liens, contending therein that regardless of the outcome of the claim of the intervenor plaintiff would be entitled to hold the retainage money until it was determined whether or not it would be liable on prospective future liens. During a colloquy with the court counsel for plaintiff disclosed that the 10% retainage on the contract amounted to some $16,000.

The trial continued on the sole issue as to the cost of the warranty as an element of damages arising out of the breach of the contract. After hearing evidence the trial court rendered judgment in favor of the plaintiff in the amount of $14,550 for compensatory damages for breach of the one year warranty, awarding the plaintiff judgment for that amount and nothing as attorney fees.

The intervenor appeals enumerating error to the award of damages in that the plaintiff failed to prove all of the elements necessary for the trier of fact to calculate damages and the amount awarded was not supported by the evidence and contrary to the evidence. *Held:*

In the case sub judice, the intervenor's action against the defendant (breach of contract and unjust enrichment) and against the plaintiff (unjust enrichment and implied resulting trust) was not considered by the trial court. Therefore, conceding but not deciding that the intervenor might appeal the judgment obtained by the plaintiff against the defendant in the main action, we proceed to consider the issue of whether or not the plaintiff failed to prove all elements necessary for the trier of fact to calculate damages, in substance, to determine if the award of damages was supported by the evidence or contrary to the evidence. The issue before the trial

court was to determine the amount of damage by reason of the breach of the contract in that the defendant failed to provide the warranty for one year; that is, the contractor would make good any damage to any other property or equipment occasioned by any defective work, material, or equipment and to "repair or replace and deliver . . . without cost . . . any defective work, material or equipment. . . ." In such cases, the measure of damages for breach of contract is the monetary amount which will compensate the injured person which a fulfillment of the contract would have prevented or the breach of it entailed and place the person in the position in which he would have been if the contract had been fully performed. See *Crawford & Assoc., Inc. v. Groves-Keen, Inc.,* 127 Ga. App. 646, 650 (194 SE2d 499); *Lankford v. Trust Co. Bank,* 141 Ga. App. 639, 641 (2) (234 SE2d 179); *Accent Walls, Inc. v. Parker,* 162 Ga. App. 633 (1) (292 SE2d 509). In such a case the burden is on the plaintiff to show both the breach and the damage. *James v. Emmco Ins. Co.,* 71 Ga. App. 196 (30 SE2d 361). The utter failure here of the defendant to perform the contract, requiring the plaintiff to employ another to complete same, establishes the burden of proof with reference to the breach. With reference to the damage, this must be established by evidence which will furnish (in the case sub judice, the court as finder of fact) data sufficient to determine with reasonable certainty the amount of damages. *Bennett v. Associated Food Stores,* 118 Ga. App. 711, 715, 716 (165 SE2d 581). In such cases which cannot be left to speculation, conjecture, and guesswork, the data must be sufficient to enable the finder of fact to determine with reasonable certainty the amount of the damages. *Studebaker Corp. v. Nail,* 82 Ga. App. 779, 785 (2) (62 SE2d 198). But, the measure of damages includes all items that "arise naturally and according to the usual course of things from such breach and such as the parties contemplated, when the contract was made, as the probable result of its breach." OCGA § 13-6-2 (formerly Code § 20-1407). See also *National Refrigerator &c. Co. v. Parmalee,* 9 Ga. App. 725 (1) (72 SE 191); *Brenard Mfg. Co. v. Wynn-Wilkes Drug Co.,* 31 Ga. App. 200 (1) (120 SE 446). Generally, the proper measure of damages for defective workmanship would be the cost of repair of the defect. *Holder v. J. F. Kearley, Inc.,* 153 Ga. App. 843, 846 (6) (267 SE2d 266). Compare, *Accent Walls, Inc. v. Parker,* 162 Ga. App. 633 (1), 634, supra; *Hospital Auth. of Charlton County v. Bryant,* 157 Ga. App. 330, 331 (2) (277 SE2d 322).

Here, the plaintiff offered the expert testimony of the president of the corporate entity which completed the performance of the contract who testified as to his experience with such water systems, that he had offered a one year replacement service contract for a price of $10,000, but from actual experience of repairing this system on a

cost basis he would now charge $1,500 a month for such warranty ($18,000). He stated that the actual cost of repairs for one month (January) had been $2,600 and he estimated the following month's expenses to be approximately $1,700, and although a decline in repairs could be predicted, a certain portion of the estimate would be a contingency fund against the cost of the repairs necessitated by a major latent defect. He testified further that he would figure 5 to 7% of a total contract bid as the cost of providing a one year warranty. Consequently, in a contract such as this, in the amount of $217,000, the cost as to the warranty would be between $10,850 and $15,190. Clearly there was ample evidence before the court to justify the award of $14,550. As to work not completed by a contractor, it is sufficient to show what is necessary to do in order to complete same. See *Palmer v. Howse,* 133 Ga. App. 619 (212 SE2d 2). The question of value is peculiarly for the determination of the factfinder where there is any data in the evidence from which it may legitimately exercise its own knowledge and ideas. *Baker v. Richmond City Mill Works,* 105 Ga. 225 (31 SE 426); *Dixon v. Cassels Co.,* 34 Ga. App. 478 (3) (130 SE 75). Such is presumptive evidence which consists of inferences drawn by human experience from the connection of cause and effect and observations of human conduct. See OCGA § 24-1-1 (formerly Code § 38-102). *Garner v. Driver,* 155 Ga. App. 322, 324 (270 SE2d 863); *Sentry Ins. v. Henderson,* 138 Ga. App. 495, 498 (6) (226 SE2d 759); *Jones v. State,* 139 Ga. App. 366, 367 (4) (228 SE2d 387); *C. & S. Nat. Bank v. Williams,* 147 Ga. App. 205, 207 (2) (249 SE2d 289). Under the evidence here it cannot be said that the court, as trier of fact, was without any evidence to determine with reasonable certainty the amount of damages or that it was left to its speculation, conjecture and guesswork.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED OCTOBER 28, 1983.

*Thomas H. Rogers, Jr.,* for appellant.
*Charles E. Moore, Thomas M. Strickland,* for appellee.