### 42821. SIMMONS v. BOROS et al.
#### (341 SE2d 2)

HILL, Chief Justice.

We granted certiorari to answer the following questions: "What is the correct measure of damages in a suit for the breach of a contract to repair an automobile? Was the correct measure of damages applied by the trial court in granting a directed verdict?" *Simmons v. Boros*, 176 Ga. App. 346 (335 SE2d 662) (1985).

Bobby D. Simmons purchased a used Fiat Spyder and three weeks later contracted with Jeno Boros to repair the motor for $500 plus the cost of parts. Boros agreed to a warranty on the repair of the motor, for 60 days or 600 miles. Boros then repaired the car and the total of parts and labor was $1,372.96. The car immediately overheated and Simmons returned it to Boros several times, but several months later the head gasket blew. While he sued Boros in both tort and contract for failing to repair the car's engine, at trial Simmons relied upon the alleged breach of contract.

At the conclusion of the presentation of plaintiff's case, the trial court directed a verdict for the defendant, applying the rule that plaintiff must prove the value before and the value after the repairs, and the cost of repairs cannot exceed the value of the vehicle before the repairs, relying on *General GMC Trucks, Inc. v. Crockett*, 145 Ga. App. 503 (2) (244 SE2d 78) (1978), a tort case, and saying that plaintiff had failed to prove the value of the car before the repairs.[1]

---

[1] This cannot be the rule in breach of contract cases. If it were, the owner of a vintage automobile could not recover damages for breach of a contract to restore it to classic condition.

Simmons appealed to the Court of Appeals, which applied the correct measure of damages — " '[g]enerally, the proper measure of damages for defective workmanship would be the cost of repair of the defect.' " *Simmons v. Boros,* supra, 176 Ga. App. at p. 347. See also OCGA § 13-6-2; Rest. 2d Contracts, § 347. Thus, the Court of Appeals used the correct rule of law as to damages. The majority of the Court of Appeals, however, having found the evidence insufficient under the proper standard as to both the breach and the damages incurred, properly affirmed the trial court pursuant to the rule that a judgment right for any reason must be affirmed.[2]

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 18, 1986.

Bobby D. Simmons, *pro se.*
*Joseph C. Rary,* for appellees.

---

[2] We do not consider, on certiorari, whether the majority of the Court of Appeals was correct in determining that the evidence was insufficient. Supreme Court Rule 30.