## 77445. THE STATE v. SPEIR.
(375 SE2d 298)

Banke, Presiding Judge.

The appellee was convicted in the Probate Court of Pike County on an accusation charging him with operating a motor vehicle "while under the influence of alcohol and/or drugs (DUI)." He appealed to superior court, where the conviction was reversed based on the state's asserted failure to submit evidence that he had been under the influence of alcohol or drugs to the extent that he was a "less safe" driver on the occasion in question. See generally § 40-6-391 (a) (1-3). The state thereupon filed the present appeal. *Held*:

1. The appellee contends that "the state has no right to appeal because of OCGA § 5-6-33 (a)," which provides as follows: "(1) Either party in any civil case and the defendant in any criminal proceeding in the superior, state, or city courts may appeal from any sentence, judgment, decision, or decree of the court, or of the judge thereof in any matter heard at chambers. (2) Either party in any civil case in the probate courts provided for by Article 6 of Chapter 9 of Title 15 may appeal from any judgment, decision, or decree of the court, or of the judge thereof in any matter heard at chambers."

This contention is without merit, inasmuch as subsection (b) of § 5-6-33 specifies that "[t]his Code section shall not affect Chapter 7 of this title." Chapter 7 deals specifically with appeals by the state in criminal cases; and pursuant to OCGA § 5-7-1 (2), the state is authorized to appeal "[f]rom an order, decision, or judgment arresting judgment of conviction upon legal grounds." As the present appeal falls squarely within that category, the appellee's motion to dismiss the appeal is denied.

2. The state contends that it was not required to prove that the appellee was under the influence of alcohol to the extent that he was a "less safe" driver because it was proceeding under subsection (4) of OCGA § 40-6-391 (a), rather than subsections (1)—(3). See generally *Lester v. State*, 253 Ga. 235 (320 SE2d 142) (1984). The appellee, on the other hand, contends that he was not charged under subsection (4) and consequently could not be convicted under it. Pretermitting that issue, we affirm the superior court's reversal of the appellee's conviction based on the state's failure to introduce admissible evidence that he was operating a motor vehicle on the occasion in question.

The only evidence offered by the state to establish this element of the offense consisted of the testimony of the state patrolman who initiated the prosecution. He stated that upon responding to a call to investigate an accident involving an overturned dune buggy, he was advised by certain persons already at the scene that the driver of the wrecked vehicle had been the appellee and that he had already been

transported to the hospital. Upon proceeding there, the patrolman found the appellee lying unconscious in the emergency room. The patrolman testified that he determined by running a computer check on the tag number of the wrecked dune buggy that the vehicle was registered to the appellee; however, no documentary evidence was offered to substantiate this testimony. Similarly none of the ambulance personnel or other persons who had been present at the accident scene were called as witnesses.

While the statements made to the patrolman at the accident scene might have been admissible to explain his conduct, the content of these out-of-court statements clearly was not probative of any of the matters asserted therein. See *Momon v. State*, 249 Ga. 865, 867 (294 SE2d 482) (1982); *Teague v. State*, 252 Ga. 534 (314 SE2d 910) (1984). The officer's testimony concerning the results of the computer check was similarly without substantive probative value. "Testimony concerning information acquired solely through books and records kept by a third person is inadmissible, as hearsay." *Sabo v. Futch*, 226 Ga. 352 (1) (175 SE2d 16) (1970). Accord *Hall v. State*, 244 Ga. 86, 92 (n. 5) (259 SE2d 41) (1979). The proper method of offering proof on this issue would have been through the introduction of a properly authenticated printout of the computer record rather than by the patrolman's testimony alone. See generally *Cotton v. John W. Eshelman & Sons*, 137 Ga. App. 360 (3), 363-5 (223 SE2d 757) (1976).

The appellee objected vigorously to the hearsay portions of the patrolman's testimony; and, even if he had not, "[i]t is well settled in Georgia that inadmissible hearsay evidence, even when admitted without objection, has no probative value. (Cit.)" *Johnson v. State*, 147 Ga. App. 94 (248 SE2d 170) (1978). "[A] judgment right for any reason must be affirmed." *Simmons v. Boros*, 255 Ga. 524, 525 (341 SE2d 2) (1986); *Smith v. State*, 131 Ga. App. 722, 724 (206 SE2d 711) (1974). As there was no probative evidence, either direct or circumstantial, tending to place the appellee at the scene of the accident, we must affirm the judgment of the superior court setting aside the appellee's conviction.

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED NOVEMBER 14, 1988.

Johnnie L. Caldwell, Jr., District Attorney, Anne Cobb, Assistant District Attorney, for appellant.
Virgil L. Brown, for appellee.