A92A1516. HURST BOILER & WELDING COMPANY, INC.
v. FIRSTLINE CORPORATION.
(426 SE2d 22)

JOHNSON, Judge.

Firstline Corporation brought this action against Hurst Boiler & Welding Company, Inc., seeking damages for the negligent repair of its boiler. The boiler supplies hot oil to a laminating machine which produces a material used to seal the roofs and floors of mobile homes. This material cannot be produced without a functioning boiler. Firstline sought to recover lost profits for the period that its laminator was "down" due to the alleged negligent repair of its boiler, and damages in the amount of the actual costs of repair. The jury returned a verdict in favor of Firstline in the amount of $59,302. Hurst appeals from the judgment entered on the verdict, seeking a new trial solely on the issue of damages.

1. Hurst contends that the trial court erred in allowing Firstline's financial officer to testify regarding the amount of time during March 1990 that Firstline was not in operation as a result of ineffective repairs made to its boiler. Hurst argues that the testimony was inadmissible hearsay because it was based upon the financial officer's summary of the contents of production records which were never introduced into evidence and about which he had no personal knowledge. We agree.

Firstline's financial officer testified that Firstline had not oper-

ated for 132 3/4 hours in March 1990. In reaching this calculation, the financial officer testified that for the days on which no production records were generated, he inferred that the boiler had not been operating. The record shows that Firstline's production records, as a whole, were not admitted into evidence, thus it cannot be determined whether production records did or did not exist for the hours in question. The financial officer's testimony, to the extent that it was based upon the plant's production records, should have been excluded. This testimony, which was presented to prove the specific contentions of Firstline with respect to lost profits resulting from Hurst's negligent repair work, may have improperly influenced the jury in arriving at its verdict. *Foster v. National Ideal Co.*, 119 Ga. App. 773, 775 (3) (168 SE2d 872) (1969).

The third party who prepared the production records did not testify at the trial, and the financial officer admitted that he did not have any personal knowledge that the boiler was not functioning during the hours for which there were no production records. That portion of the officer's testimony based solely on the production records prepared by a third party and not based on his personal knowledge is inadmissible hearsay and, as such, should not have been allowed to be considered by a jury. *Foster*, supra; see also *Sabo v. Futch*, 226 Ga. 352 (1) (175 SE2d 16) (1970). See also *State v. Speir*, 189 Ga. App. 254, 255 (2) (375 SE2d 298) (1988); accord *Highsmith v. Fillingim*, 171 Ga. App. 548, 549 (320 SE2d 391) (1984).

It is the plaintiff's burden to prove its damages. Damages must be proved by evidence which furnishes the jury with sufficient data to enable them to calculate the amount with reasonable certainty. *Simmons v. Boros*, 176 Ga. App. 346, 347 (1) (335 SE2d 662) (1985); see also *Allison v. Auto-Owners Ins. Co.*, 256 Ga. 446, 447 (349 SE2d 682) (1986). Proof of damages cannot be "left to speculation, conjecture and guesswork." *Simmons*, supra.

The trial court erred in admitting the testimony of the financial officer regarding the production records. In the absence of that testimony, the evidence on the issue of damages is not sufficient to sustain plaintiff's burden of proof. For this reason the case must be reversed and remanded to the trial court for a new trial on the issue of damages. See generally *Cassidy v. Wilson*, 196 Ga. App. 6, 9 (395 SE2d 291) (1990).

2. In view of our holding above, we need not address the remaining enumerations of error.

*Judgment reversed and case remanded for new trial on the issue of damages only. Carley, P. J., and Pope, J., concur.*

Decided November 9, 1992 —
Reconsideration denied November 24, 1992.

*McCollum & Rawlins, Elliott P. McCollum, Jr.*, for appellant.
*Oris D. Blackburn, P.C., J. Converse Bright*, for appellee.