A98A2130. INGLES MARKETS, INC. v. MARTIN et al.
(513 SE2d 536)

RUFFIN, Judge.

Patricia and Raymond Martin sued Ingles Markets, Inc. for injuries sustained when Patricia Martin (hereinafter referred to as Martin) slipped on a clear puddle of liquid while shopping at an Ingles supermarket. The trial court denied Ingles' motion for summary judgment, and we granted Ingles' motion for interlocutory appeal. Because disputed issues of fact remain as to Ingles' liability, we affirm.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Moreover, we are reminded by the Supreme Court that "the 'routine' issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication, and . . . summary judgment is granted only when the evidence is plain, palpable, and undisputed." *Robinson v. Kroger Co.*, 268 Ga. 735, 748 (493 SE2d 403) (1997).

Viewed in the light most favorable to plaintiffs, the record shows as follows. On February 15, 1994, Martin went into an Ingles supermarket in Lawrenceville to purchase groceries. As Martin was pushing her shopping cart down an aisle, she slipped on a clear liquid substance on the floor. She fell to the floor, injuring her lower back, hip, and knees. Martin testified that the puddle was about 16 or 18 inches across. She testified that the puddle was hidden behind a display in the aisle, although it might have been visible if she had been coming from another direction. Martin did not notice any Ingles employees in the aisle at the time of her fall. According to Martin, it was about 6:15 or 6:30 p.m. when she fell.

John Sawyer was the manager of the Ingles store at the time of the incident. Although he did not testify that he had independent knowledge of when the floor was swept, he said it was usually swept every hour. Whenever an employee swept the store, the employee would note the time on a sweep log and initial it. However, Sawyer testified that the sweep log for the night in question could not be located. When asked if he knew what time the floor was last swept before Martin's fall, Sawyer testified that, before the deposition, he had reviewed an affidavit he executed more than two years after the fall as well as an accident report prepared after the incident. He stated that, after reviewing these documents, he "could not remember what time it was, but the record shows that it was 5:55." When

shown a copy of the accident report, Sawyer admitted that it had not been prepared by him but by an insurance claims representative, although he said he had prepared a similar report.

Sawyer testified that he did not know which employee purportedly swept the floor at 5:55. He testified that an employee named Steve cleaned up the liquid after Martin's fall, and that it could have been Steve who swept the floor. However, he admitted that Steve's name was not included on a list produced by Ingles purporting to identify all employees who were on duty the day of the incident.

"[I]n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson*, supra at 748-749. Ingles' sole contention on appeal is that it had no actual or constructive knowledge of the hazard, and it does not contend that Martin failed to exercise ordinary care for her own safety. Martin does not contend that Ingles had actual knowledge of a hazardous condition. Therefore, the only issue on appeal is whether Ingles had constructive knowledge of the condition.

"[C]onstructive knowledge may be inferred when there is evidence that . . . the owner lacked a reasonable inspection procedure." *Hartley v. Macon Bacon Tune*, 234 Ga. App. 815, 818 (507 SE2d 259) (1998). In order to prevail at summary judgment based on lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident. *Straughter v. J. H. Harvey Co.*, 232 Ga. App. 29, 30-31 (500 SE2d 353) (1998). Ingles contends that, regardless of whether reasonable inspection procedures were followed on the day in question, it is entitled to summary judgment because plaintiff failed to show how long the liquid had been on the floor before the fall. Although this Court has in the past rendered conflicting decisions on this issue, we emphatically rejected Ingles' position in a recent ten-judge decision, holding that "in order to withstand a motion for summary judgment, a plaintiff need not show how long a substance has been on the floor unless the defendant has established that reasonable inspection procedures were in place and followed at the time of the incident." *Straughter*, supra at 30. Accordingly, the determinative question in this appeal is whether, viewed in the light most favorable to plaintiffs, the evidence shows that Ingles followed reasonable inspection procedures at the time of the incident.

Sawyer testified that the store's floor was "usually" swept every hour, although he provided no details as to how the sweeping was physically carried out. It is not clear that this periodic sweeping con-

stituted a reasonable inspection program or would have resulted in discovery and removal of the puddle in question. However, even assuming that the sweeping program constituted a reasonable inspection program, Sawyer's testimony as to the existence of the policy is insufficient to warrant summary judgment in Ingles' favor. "Evidence establishing an adherence to customary inspection and cleaning procedures on the day in question is required[,] while proof of the mere existence of such customary procedures is insufficient." (Punctuation omitted.) *Daniel v. John Q. Carter Enterprises*, 218 Ga. App. 223, 225 (460 SE2d 838) (1995).

Ingles contends that it swept the floor at 5:55 p.m., about 20-35 minutes before the fall. The only evidence of such sweeping came from the testimony of Sawyer. However, it is clear from Sawyer's testimony that he had no actual knowledge of the sweeping, but relied upon an alleged sweep card which may have contained an entry showing that the floor had been swept at that time. The sweep card itself was not produced, and Sawyer was unable to identify the employee who purportedly performed the sweeping.

As an initial matter, Ingles' failure to produce the sweep card, combined with its failure to identify the employee who allegedly performed the sweeping, could allow the jury to infer that the sweep card and the employee's testimony would not support Ingles' contention that the floor was swept at 5:55 p.m. See *Straughter*, supra at 31; OCGA § 24-4-22. Such an inference is made more justifiable by the fact that the employee "Steve," whom Sawyer identified as one of the sweepers on duty the day of the incident, was not included on the list of employees identified by Ingles during discovery.

It is possible, and perhaps likely, that the alleged sweep card would have been admissible pursuant to the business records exception to the hearsay rule. The card was never produced, however, and Sawyer's testimony can at best be characterized as his recollection of what the card said. We have held that testimony regarding the contents of business records, unsupported by the records themselves, by one without personal knowledge of the facts constitutes inadmissible hearsay. *Foster v. Nat. Ideal Co.*, 119 Ga. App. 773, 775 (3) (168 SE2d 872) (1969). "While the testimony is apparently sufficient to identify the records as those of facts duly recorded in the normal course of business, thus qualifying the records for admission in evidence as a statutory exception to the hearsay rule[,] the testimony of the witness based on 'no personal knowledge, just the records' is inadmissible hearsay." (Citation omitted.) Id. See also *Hurst Boiler & Welding Co. v. Firstline Corp.*, 206 Ga. App. 446, 447 (1) (426 SE2d 22) (1992). Accordingly, Sawyer's testimony regarding the time the floor was swept constitutes inadmissible hearsay, and cannot be considered for summary judgment purposes. See *Sutton v. Winn Dixie Stores*, 233

Ga. App. 424, 427 (504 SE2d 245) (1998).

Moreover, Sawyer never directly testified that he had any independent recollection of what the sweep card said. Rather, his testimony that the floor was swept at 5:55 was based upon his review of other documents, specifically an affidavit he executed two years after the incident and an accident report prepared by an insurance adjuster. Neither of these documents indicated the basis for stating that the floor was swept at 5:55 p.m. Even after reviewing these documents, Sawyer could not positively testify either that he remembered when the floors were swept or that he remembered what the sweep card said. Rather, Sawyer testified that he "could not remember what time it was, but *the record shows that it was 5:55*." "A witness may refresh his memory by using any written instrument or memorandum, provided he finally testifies from his recollection thus refreshed or swears positively from the paper. OCGA § 24-9-69." (Emphasis omitted.) *In the Interest of S. M. L.*, 228 Ga. App. 81, 82-83 (3) (491 SE2d 186) (1997). Viewed in the light most favorable to plaintiffs, Sawyer's testimony does not show that he finally spoke from his own recollection or swore positively as to the time the floor was swept; rather, he simply repeated what the other documents reflect.

Apart from Sawyer's hearsay testimony, there was no other evidence that the floor was swept on the day of the incident or that Ingles otherwise complied with a reasonable inspection procedure. Accordingly, plaintiffs were not required to show how long the liquid remained on the floor before the fall, and the trial court correctly denied Ingles' motion for summary judgment. See *Straughter*, supra at 30-31.

*Judgment affirmed. Pope, P. J., and Beasley, P. J., concur.*

DECIDED MARCH 8, 1999.

*Chambers, Mabry, McClelland & Brooks, Emory S. Mabry III, Robert M. Malcom*, for appellant.
*Thomas M. Farrell*, for appellees.